Gary CLOIRD, Kurt Morris & Roosevelt Burton *v.* STATE of Arkansas

CR 93-284                                   862 S.W.2d 211

Supreme Court of Arkansas
Opinion delivered October 4, 1993
[Rehearing denied November 8, 1993.*]

---

*Brown, J., would grant rehearing on severance issue.

*Robert Remet*, for appellant Gary Cloird.

*William M. Howard, Jr.*, for appellant Kurt Morris.

*Bynum & Kizer*, by: *Maxie Kizer*, for appellant Roosevelt Brown.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellants Kurt Morris and Roosevelt Burton were convicted of kidnapping and rape. The third appellant, Gary Cloird, was convicted of rape and of theft of a van which occurred the same evening as the rape. All three appellants claim error and request reversal. Because we find no errors warranting reversal, we affirm all three convictions.

On the evening of January 25, 1992, the victim entered a nightclub called PJ's in Pine Bluff where she had a number of drinks and met Kurt Morris and Roosevelt Burton. Later they decided to go to another club named Bad Bob's. The three got into a car driven by Morris with the victim and Burton in the back seat, and instead of going to Bad Bob's, they went to a trailer near Humphrey, Arkansas. During the trip to the trailer and then inside the trailer, the victim testified that, without her consent, Morris and Burton forced her to have oral, vaginal, and anal sex. She also testified that a gun barrel and a screwdriver handle were inserted into her rectum. During this time, Cloird entered the trailer and was alleged to have forced the victim to have sexual intercourse. The next day on January 26, the appellants returned her to Pine Bluff. The three appellants were subsequently arrested, tried and convicted by jury. For clarity, we will discuss each appeal separately.

## Kurt Morris v. State

Kurt Morris was charged by amended information with kidnapping and rape. Prior to trial, Morris filed a motion for continuance and a motion to sever his case from Burton's and Cloird's. Both motions were denied. At trial, Morris's defense

was based on the victim consenting to sexual intercourse with him. He was found guilty and sentenced to twenty years imprisonment for kidnapping and thirty years for rape, to run consecutively. On appeal, Morris argues that the trial court abused its discretion in denying his motions.

On the first day of trial, August 24, 1992, Morris filed a motion for a continuance stating that on August 17, he had requested a subpoena for a potential witness, Randy Williams, but on August 20, he discovered that, due to an incorrect address, Williams had not been served. Williams was a friend of the victim's, and had given a statement to the police on January 28 which Morris claimed contradicted the victim's version of the events on January 25 and 26. According to the motion, Williams had moved from the address to which service was attempted. The motion was accompanied by a "witness statement" signed by Williams, witnessed by a police officer, and dated January 28, 1992. The record is bare of an objection by the state to the motion, and of any arguments made by the parties or rationale for the court's denial.

Citing Ark. R. Crim. P. 27.3 which provides in part that a continuance shall be granted only upon a showing of good cause, Morris argues that the testimony that Williams would have given was material and relevant to his case. Further, because William's testimony went directly to the credibility of the victim, Morris urges such testimony would have had a direct impact on the outcome of the trial. Morris, however, failed to provide an affidavit to accompany his motion as required by Ark. Code Ann. § 16-63-402(a) (1987) which reads as follows:

A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it. If the motion is for an absent witness, the affidavit must show what facts the affiant believes the witness will prove and not merely show the effect of the facts in evidence, that the affiant himself believes them to be true and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement.

We have consistently interpreted this statute as requiring the presence of an affidavit in order to justify a continuance due to a missing witness. *King* v. *State*, No. CR93-266, slip op. (Ark. Sup. Ct. Sept. 20, 1993); *Henderson* v. *State*, 310 Ark. 287, 835 S.W.2d 865 (1992). Further, the denial of a continuance when the motion is not in substantial compliance with the statute is not an abuse of the trial court's discretion, and the burden is on the appellant to establish prejudice and abuse of discretion in denying the continuance. The factors to consider in exercising discretion over continuance motions are:

> (1) the diligence of the movant, (2) the probable effect of the testimony at trial, (3) the likelihood of procuring the attendance of the witness in the event of a postponement, and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true.

*Id.* at 292, S.W.2d at 868 (cites omitted).

By omitting the affidavit, Morris's counsel failed to show his diligence in obtaining the appearance of Williams since Morris knew as early as January 28, 1992, that Williams was a potential witness. Despite this, Morris delayed locating Williams and learned only four days prior to trial that Williams had moved and could not be served. Nothing was presented to indicate that Williams had avoided service or that his whereabouts were not easily discoverable. Because Morris failed to support his motion as required and to produce a record upon which we can evaluate the soundness of the trial court's decision, we cannot say the trial court erred in denying his motion for continuance.

Turning to the second point, the record reflects that, on August 14, Morris filed a motion for severance of trial from that of Burton and Cloird. Ark. R. Crim. P. 22.3 provides as follows:

> (a) When a defendant moves for a severance because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court shall determine whether the prosecution intends to offer the statement in evidence at the trial. If so, the court shall require the prosecuting attorney to elect one of the following courses:

(i) a joint trial at which the statement is not admitted into evidence;

(ii) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been deleted, provided that, as deleted, the statement will not prejudice the moving defendant; or

(iii) severance of the moving defendant.

Morris cites *Chappell* v. *State*, where the Court of Appeals stated:

The issue of severance is to be determined on a case by case basis, considering the totality of the circumstances, with the following factors favoring severance: (1) where defenses are antagonistic; (2) where it is difficult to segregate the evidence; (3) where there is a lack of substantial evidence implicating one defendant except for the accusation of the other defendant; (4) where one defendant could have deprived the other of all peremptory challenges; (5) where if one defendant chooses to testify the other is compelled to do so; (6) where one defendant has no prior criminal record and the other has; (7) where circumstantial evidence against one defendant appears stronger than against another.

18 Ark. App. 26, 37, 710 S.W.2d 214 (1986) [citing *McDaniel* v. *State*, 278 Ark. 631, 638, 648 S.W.2d 57, 60 (1983)]. Morris bases his argument to support severance on a number of the seven factors including: antagonistic defenses, difficulty in segregation of the evidence, lack of substantial evidence, and deprivation of peremptory challenges. Additionally, Morris argues that his request for severance from Cloird should have been granted because Cloird had been convicted of burglary and theft.

To support severance based on antagonistic defenses, Morris points to the fact that statements of Burton implicating Morris were read into the record by police officers at the trial. He argues that these statements in effect amounted to an antagonistic defense[1], and for this reason the trial court erred in denying him a

---

[1] Burton stated that the crime was committed by Morris and that he, Burton, tried to

severance. The state argues that because Morris's name was deleted and not mentioned by the officers when reading Burton's statement, he has failed to show how the trial court failed to comply with Rule 22.3(a).

■ Rule 22.3(a)(ii) provides for deletion of the defendant's name from a codefendant's statement if such deletion will not prejudice the moving defendant. Morris presents no argument that the statements as entered into evidence without reference to him were improper. Concerning the other factors raised and argued in support of his severance argument, the record reflects those matters were never argued below and thus cannot be considered by this court. Morris does argue Cloird had a prior criminal record but Cloird's convictions were never mentioned or presented to the jury.

■ At the close of the trial, the jury was instructed to consider the evidence for or against each defendant separately and render their verdict as if each were tried separately. There is nothing in the record or in Morris's arguments to indicate that the jury was not able to follow this instruction. Because Morris has failed to show any abuse of discretion by the trial court or prejudice to his case, we affirm.

## *Roosevelt Burton v. State*

Roosevelt Burton was charged by information and convicted of kidnapping and rape. He was sentenced to five years imprisonment for kidnapping and ten years for rape with the sentences to run consecutively. On appeal Burton challenges the admission of certain testimony by Tremaine Parker.

■ Parker, an acquaintance of the three appellants, testified for the state. During the state's questioning, Parker stated that Gary Cloird told him that Burton took rings off of the victim's fingers. Burton's counsel objected, and stated that, while Cloird could testify to what Burton said, Parker's testimony was hearsay since Parker was not a co-conspirator or codefendant. On appeal, however, Burton's argument involves a non-hearsay contention that the court's application of Ark. R. Evid.

---

protect and help the victim. Further, Burton stated that he was afraid of Morris.

801(d)(2)(v) was in error because Cloird's statement pertaining to Burton's action was not made in the course and furtherance of a crime. Because an appellant may not change his grounds for objection on appeal, *Ferrell* v. *State*, 305 Ark. 511, 810 S.W.2d 29 (1991), this point is not preserved on appeal. However, even if the point had been preserved and error had occurred, the error was harmless since the same evidence was introduced by the victim when she testified that Burton took one of her rings.

Affirmed.

### *Gary Cloird* v. *State*

Gary Cloird was convicted of rape and theft of property, and sentenced to thirty years imprisonment for the rape conviction and five years imprisonment and a $1000 fine for theft of a van. The sentences were to run consecutively with each other and with any sentence he was then serving. Cloird was acquitted of the kidnapping charge.

■ Cloird challenges the sufficiency of the evidence on appeal. However, he failed to renew his motion for a directed verdict at the end of all the evidence. To preserve a challenge to the sufficiency of the evidence on appeal, the appellant must move for a directed verdict both at the end of the state's case-in-chief and again at the close of all the evidence. *Zinger* v. *State*, 313 Ark. 70, 852 S.W.2d 320 (1993); Ark. R. Crim. P. 36.21(b) (1993).

■ Cloird also challenges the pretrial identification procedure, but failed to make a timely objection below. An argument for reversal will not be considered in the absence of an appropriate objection. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.

HOLT, C.J., and BROWN, J., concurring in part and dissenting in part. DUDLEY, J., not participating in *Burton* v. *State*.

ROBERT L. BROWN, Justice. I agree with the affirmances relating to Gary Cloird and Roosevelt Burton but would reverse the conviction of Kurt Morris and remand for a new trial.

Appellant Kurt Morris moved for severance of his trial from that of appellant Roosevelt Burton prior to trial on the basis of

antagonistic defenses. It was denied. He renewed the motion after the State rested:

> APPELLANT: Your Honor, again, I would also like to make a record on my motion for severance that was filed August 14, asking that my client's case be severed from the defendants and the Court has advised me that it was going to deny that motion.

> THE COURT: The Court did deny that motion for severance, yes.

In his brief on appeal, Morris argues that Burton's statement in effect accused Morris of the crime. I agree.

Captain Dennis McVay of the Pine Bluff Police Department testified that he took statements from both Kurt Morris and Roosevelt Burton. McVay's testimony came later than the testimony of the victim who described the criminal activity of Morris and Burton in detail.

Captain McVay proceeded to describe Burton's statement generally and then to read from portions of it. Though Kurt Morris's name was not mentioned, it is clear from the statement and from the victim's previous testimony who the "other individual" mentioned in the statement was. The "other individual," namely Morris, is painted as the primary culprit by Burton while Burton makes exculpatory comments about himself to the effect that he was trying to get the other person "to let her go" and that he, Burton, "had nothing to do with it." Morris in later testimony denied any culpability.

In sum, the defenses of the two defendants were clearly antagonistic. Deletion of Morris's name from Burton's statement did not have the envisioned salutary effect as the identity of the other person was obvious. Burton in effect said Morris did it, and Morris denied it. The defenses of the two joined defendants were antagonistic, and Morris was seriously prejudiced by the joinder. It is evident from our rules that severance is warranted when name deletion does not cure the problem. Ark. R. Crim. P. 22.3(a)(ii).

Because of the error in denying severance, I would reverse the conviction of Kurt Morris and remand for a new trial.

HOLT, C.J., joins.