## Gary T. CLOIRD *v.* STATE of Arkansas

CR 93-284 76 S.W.3d 813

Supreme Court of Arkansas
Opinion delivered May 23, 2002

*Appellant*, Pro Se.

No response.

P ER CURIAM. In 1992, Gary Cloird, who is also known as Simba Kali, was found guilty of rape and theft of property. An aggregate sentence of thirty-five years' imprisonment and a fine of $1,000 were imposed. We affirmed. *Cloird v. State*, 314 Ark. 296, 862 S.W.2d 211 (1993). Cloird now asks this court to reinvest jurisdiction in the trial court to consider a peti-

tion for writ of error *coram nobis*. He further seeks issuance by this court of a writ of *habeas corpus* and appointment of counsel. The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error *coram nobis* after a judgment has been affirmed on appeal only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001). Because the *coram nobis* and *habeas* portions of the petition present separate issues and require a different disposition, for the sake of clarity we will treat the two aspects of the petition separately.

I. *Petition to reinvest jurisdiction in the trial court to consider a petition for writ of error* coram nobis

■ A writ of error *coram nobis* is an extraordinarily rare remedy, more known for its denial than its approval. *Larimore v. State*, 341 Ark.397, 17 S.W.3d 87 (2000). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). We have held that a writ of error *coram nobis* was available to address certain errors of the most fundamental nature that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Pitts, supra, citing Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). *Coram nobis* proceedings are attended by a strong presumption that the judgment of conviction is valid.

■ ■ As grounds for the writ of error *coram nobis*, petitioner contends that the State withheld results of a DNA comparison which would have exonerated him of the rape charge. The Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* In *Strickler v. Greene*, 527 U.S. 263, 119 S. Ct. 1936, (1999) the Court revisited

*Brady* and explained its implications. It noted that since the decision in *Brady*, the court had held that the duty to disclose such evidence is applicable even though there has been no request by the accused, and that the duty encompasses impeachment evidence as well as exculpatory evidence. Such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Moreover, the rule encompasses evidence "known only to police investigators and not the prosecutor." Therefore, to comply with *Brady*, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf. . . ." *Stickler, supra; Larimore, supra.* In *Stickler*, the court set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.

In the instant case, petitioner has appended to the petition a laboratory report on forensic testing by the Federal Bureau of Investigation (FBI) dated July 23, 1992. (Petitioner's trial was held August 24, 1992.) The report, which is addressed to a serologist with the Arkansas State Crime Laboratory, reflects that the FBI lab received the following items for testing: vaginal swabs obtained from the victim, a cutting from the victim's jeans, and a cutting from the victim's underwear. It also received samples of the blood of five men, including petitioner, who had been identified by the authorities as the persons who sexually assaulted the victim. According to the report, DNA comparisons indicated that petitioner was excluded from having contributed to the samples taken from the victim. Petitioner contends that he was unable to present the evidence earlier because heretofore he had been unable to obtain a copy of the DNA test results.

While it is possible to commit rape without leaving evidence on which DNA comparisons can be conducted, there can be little doubt that the defense could have used the information in the FBI

report to bolster its argument, which was made to the jury at trial, that there was no scientific evidence to support the charge of rape as it applied to petitioner.

■ ■ We find that petitioner Cloird has stated a possible *Brady* violation which warrants our reinvesting jurisdiction in trial court so that Cloird may file a petition for writ of error *coram nobis* *limited* to the issue of whether the DNA test results were available to the State before trial, whether the DNA evidence, if available to the State before trial, was indeed favorable to the defense, and whether prejudice ensued to the defense as a result of the State's failure to disclose the DNA test results. Also, if the DNA test results were withheld from the defense, the trial court must decide whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Finally, *coram nobis* proceedings require the petitioner to show that he proceeded with due diligence in making application for relief. *See Penn, supra, citing Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975). Accordingly, the trial court should consider whether petitioner raised the possible *Brady* violation in a timely manner.

■ Petitioner is responsible for filing his petition for writ of error *coram nobis*, limited to the *Brady* issue, in the trial court within thirty days of the date of this opinion. It shall be within the trial court's discretion to appoint counsel for the hearing, and for any subsequent appeal to this court that petitioner may elect to pursue in the event of a ruling adverse to him. If petitioner prevails and a writ of error *coram nobis* is issued, he is entitled to a new trial. *See Larimore v. State*, 327 Ark. 21, 938 S.W.2d 818 (1997).

■ With respect to all other grounds raised in the petition, relief is denied. Petitioner has filed several motions pertaining to the *coram nobis* action filed here. As jurisdiction is being returned to the trial court to consider the one possible meritorious point, we find the motions to be moot.

## II. Petition for writ of habeas corpus

■ We find one claim, which will be explained later, that petitioner has raised as a ground for issuance of a writ of *habeas corpus* that requires an evidentiary hearing in the trial court so that findings of fact can be made, *i.e.* the claim that he was tried for the offense of rape in a court without jurisdiction in that the rape did not occur within that court's jurisdiction. A petition for writ of *habeas corpus* is the proper means to raise the issue of whether a court had jurisdiction to try a defendant for a criminal offense. *Waddle v. Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993). *Habeas corpus* is a vital privilege that is protected by the Arkansas Constitution. Ark. Const. Art 2, § 11. A writ of *habeas corpus* will be granted forthwith upon a showing by affidavit or other evidence that there is probable cause to believe a person is being detained without lawful authority. Ark. Code Ann. § 16-112-103(a) (1987). This court has made it clear that a writ of *habeas corpus* will issue when a commitment is invalid on its face *or* when the sentencing court lacked jurisdiction to enter or modify the sentence. *Arkansas Dept. of Correction v. Stapleton*, 345 Ark. 500, 51 S.W.3d 862 (2001), *citing Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999); *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997).

■ While a writ of *habeas corpus* will not be issued to correct errors or irregularities that occurred at trial, the writ is appropriate when a person is detained without lawful authority. See *Kozal v. Board of Correction*, 310 Ark. 648, 840 S.W.2d 164 (1992). This includes the unlawful confinement of an individual under a sentence longer than that permitted by statute, which constitutes a denial of liberty without due process of law. *Renshaw, supra., Meny· v. Norris*, 340 Ark. 418, 13 S.W.3d 143 (2000).

■ ■ Likewise, the allegation of that an offense occurred outside the territorial jurisdiction of the court is a cognizable in a *habeas* proceeding. *See Waddle, supra*. The law in this State is that a criminal trial must be held in the county in which the crime was committed unless the accused requests a change of venue to another county which, in any case, must be a part of the

judicial district served by the court. *Kemp v. State*, 324 Ark. 178, 99 S.W.2d 943 (1996), *Waddle, supra*.

██ ██ The State argues that the fact that petitioner earlier filed a petition for writ of *habeas corpus* in the circuit court in the county in which he was incarcerated that raised the same jurisdictional issue raised in this petition and that the petition was denied by that court renders the issue *res judicata* in that the earlier ruling is the law of the case.[1] The allegation that the trial court lacked jurisdiction, however, is a claim sufficient to void a judgment absolutely. *Clines v. State*, 282 Ark. 541, 669 S.W.2d 883 (1984). We have held repeatedly that jurisdictional issues are always open. *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994); *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983). As such, *habeas corpus* will lie to collaterally impeach a judgment at any time. The fact that a court has ruled adversely to a claim sufficient to void a judgment does not have the effect of curing the jurisdictional defect and bestowing jurisdiction on a court that lacked it at the time of trial. For this reason, *res judicata* is inapplicable in a *habeas* proceeding in a criminal case. *Fay v. Noia*, 372 U.S. 391, 423 (1963).[2]

To understand petitioner's claim that the trial court lacked jurisdiction to try him for the offense of rape, it is necessary to recite the factual basis for the charge. Petitioner was tried with two co-defendants, Kurt Morris and Roosevelt Burton. Evidence was adduced at trial that on the evening of January 24, 1992, the theft of a van was reported to the police by a Pine Bluff, Jefferson County, car dealership. Later that same evening, Morris and Burton were at a nightclub which was also located in Pine Bluff where they met a woman whom they invited to accompany them to another nightclub. She assented, and Morris drove a small blue car up to where she and Burton were waiting. The woman got into the backseat of the car, and Burton surprised her by also getting into the backseat. Alarmed, she attempted to leave the car by

---

[1] Petitioner is also incarcerated within the jurisdiction of the trial court.

[2] In civil matters, the doctrine of *res judicata* may apply in *habeas* proceedings. *Fulks v. Walker*, 224 Ark. 639, 275 S.W.2d 873 (1955).

the opposite door but was prevented from doing so by Burton's grabbing her hair and pushing her down in the seat. She tried to escape several more times without success. Morris drove to an isolated spot where both men raped her. The victim testified that only she, Burton, and Morris were in the car, although on cross-examination she said that she also saw a van behind the small blue car. She was then driven to a trailer in Humphrey, which is located in both Jefferson and Arkansas counties, where the sexual assault continued. At some point petitioner Cloird entered the trailer and raped the victim, according to her testimony, "several times." After some hours, the victim was driven in the small blue car back to Pine Bluff and released.

Petitioner was charged with theft of the van from the car dealership in Pine Bluff, kidnapping of the victim in Pine Bluff, and rape of the victim. He was acquitted of kidnapping. As the basis for a writ of *habeas corpus*, petitioner contends that the trailer in which the victim was raped was in that part of Humphrey which is in Arkansas County; and, as a result, Jefferson County lacked jurisdiction to try him for the offense.

Effective January 1, 1983, pursuant to Act 609 of the 1981 Acts of Arkansas, now codified as Ark. Code Ann. §16-13-1901, the Eleventh judicial circuit, that had encompassed Jefferson, Lincoln, and Arkansas counties, was divided into the Eleventh judicial circuit—west and the Eleventh judicial circuit—east. Jefferson and Lincoln counties were assigned to the western judicial circuit while Arkansas County was assigned to the eastern judicial circuit. Thus, we take judicial notice that Jefferson and Arkansas counties were not in the same judicial district in 1992 when petitioner was charged and convicted of the offense of rape.

Petitioner suggests that because he was not convicted of committing the kidnapping that occurred in Jefferson County at the nightclub, it could not be said that Jefferson County acquired jurisdiction to try him for a rape that occurred across the county line in Arkansas County. The argument is an important one inasmuch as Arkansas Code Annotated § 16-88-108(c) (1989) provides that where "an offense is committed partly in one county

and partly in another, or the acts, or effects thereof, requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

Here, the petitioner has alleged that the trial court lacked jurisdiction; therefore, he has stated a ground on which a writ of *habeas corpus* could issue. *Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990). Appended to the petition in the case at bar is a map of Humphrey purporting to show where the boundary between Jefferson and Arkansas counties lies and where the trailer in which the victim was rape is located. According to that map, the trailer is in Arkansas County. The question of where the crime occurred requires Findings of Fact; therefore, as stated earlier, we remand the question to the trial court for an evidentiary hearing and direct that the court hold the hearing within 120 days and return its Findings of Fact and Conclusions of Law to this court with a transcript of the hearing.[3] Upon receipt of the court's findings, a final disposition of the petition for writ of *habeas corpus* will be rendered by this court.

Petition to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis* granted in part and denied in part; Petition for writ of *habeas corpus* remanded to trial court for evidentiary hearing on jurisdictional question.

---

[3] If the trial court desires, it may combine the hearing held on remand to consider petitioner's ground for issuance of a writ of habeas corpus with his claim of a *Brady* violation contained in a timely petition for writ of error *coram nobis*. The trial court must, however, issue an order on the *coram nobis* issue separate from its Findings of Fact and Conclusions of Law on the habeas issue so that the order pertaining to the *coram nobis* petition can be appealed if the non-prevailing party elects to appeal.