Paul E. Danielson, Associate Justice, concurring in part and dissenting in part. I concur with the majority’s decision to grant the petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. However, in my view some parts of the majority’s opinion are advisory, premature, and go too far. I would limit the opinion to granting the relief requested, that is, to reinvest jurisdiction in the trial court to ñle a petition for writ of error coram nobis or any alternative relief that the petitioner deems appropriate. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Newman v. State, 2009 Ark. 539, 354 S.W.3d 61. This court will grant permission for a petitioner to proceed in the trial court with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment [flis meritorious. Id. In making such a determination, we look to the reasonableness of the allegations of the. petition and to the existence of the probability of the truth thereof. Id. Under the unique facts of this case, I agree that Strawhacker’s allegations warrant reinvesting the trial court with jurisdiction to decide whether relief should be granted. The foundation of both Strawhacker’s claims and Eugene Pitts’s claims in Pitts v. State, 2016 Ark. 345, 501 S.W.3d 803, 2016 WL 6123443[1] is the report of a review conducted by the United States Department of Justice (DOJ) and the FBI that concluded that Malone and other FBI laboratory examiners had overstated the level of scientific certainty with which hair evidence could be linked to a particular suspect in some eases, including Strawhacker’s and Pitts’s cases. However, the two cases have different issues and factual situations. For example, Strawhacker states in his brief that he anticipates seeking DNA testing of the hair at issue in his case. The whereabouts of the ham at issue in Pitts’s case are unknown; therefore, additional DNA testing of the hair is not a possible remedy in that case. Also, Stra-whacker received a letter in 2014 from the DOJ that states, “The prosecutor in your case(s) advised the Department of Justice that Michael Malone’s work was material to your conviction and an Independent Scientific Review of that work was performed.” While Pitts received a similar letter, there is no indication that the prosecutor in Pitts’s case contacted the DOJ or performed a review of Malone’s work. Based on the differences in the two cases, Strawhacker and Pitts may request different forms of relief from the trial court. In his brief, Strawhacker acknowledges that if this court | ^reinvests the trial court with jurisdiction, he anticipates filing a petition for a writ' of habeas' corpus and possibly a writ of audita querela. A writ of error coram nobis is appropriate only when no other remedy is available. Therefore, if either Strawhacker or Pitts is successful and receives relief through another remedy, then it may be unnecessary to address the issue of the expansion of error coram nobis at this time. Furthermore, parts of the majority’s decision instruct the trial court on what to do based on its findings. For example, the majority opinion states that [i]n considering the writ [of error coram nobis], the circuit court should still consider whether to grant the writ according to one of the four currently established categories. However, if the court finds that Strawhacker’s petition does not fall within one of these four categories, the court should consider whether the writ should be granted according to the “rule of reason” in this unique circumstance where (1) the State presented expert scientific opinion at trial; (2) the expert‘was an agent of the government; and (3) that same government later repudiates the expert’s scientific opinion .... Therefore, at the hearing on the writ, if the circuit court concludes that the repudiated expert’s testimony was material, Strawhacker is entitled to relief. Evidence is material “if there is a reasonable probability that, had the evidence been disclosed' to the defense, the result of the proceeding would have been different.” Cloird v. State, 349 Ark. 33, 38, 76 S.W.3d 813, 816 (2002). In other words, had it been known that the hair-comparison testimony was “erroneous,” is there a reasonable probability that the result would have been different? If so, then the court should grant the writ to prevent a miscarriage of justice in this unique situation. At the very least, the majority’s opinion implies that the trial court should expand error coram nobis if certain conditions are met.. Directing the trial court to expand error coram nobis without consideration of alternative remedies risks “opening the flood'gates,” a concern addressed by the State. At oral argument, counsel for Stra-whacker acknowledged that expanding the writ of error coram nobis would be “monumental” and that the court needs to have all of the facts before it makes that determination. Counsel for the State |t1agreed that, while the State does not believe that there was a Brady violation, Strawhacker “could bring a claim under the DNA testing statute” and that “there is a remedy in the habeas statuté for testing that didn’t get done, the testing that defendant believes could be done now.” These cases are unique in that they involve scientific téstimony of the government’s expert, Malone, which was presented by the prosecution at trial and has now been repudiated by the government. It appears to me that, because of the unique issues in these cases, the majority is attempting to skip a step in the judicial process by authorizing the expansion of error coram nobis before the requisite findings are made. However, at this point, we have no record before us and it is not the function of the appellate courts to make findings; it is the trial court’s responsibility to hold an evidentiary hearing and make findings and the attorneys’ responsibility to develop a record for appellate review. The expansion of error coram nobis is not before us at this time, and we must not act prematurely. The only issue properly before us at this time is whether to reinvest jurisdiction in the trial court. Accordingly, I would reinvest jurisdiction in the trial court so that Strawhacker can file a petition for writ of error coram nobis and any other relief that he deems appropriate. For these reasons, I concur in part and dissent in part. Goodson, J., joins. . Pitts v. State, CR-80-40 has been submitted as a companion case because it also involves hair-analysis, testimony of Michael Malone.