Rhonda K. Wood, Justice, dissenting. I dissent because appellant is not entitled to the relief sought. Williams did not exercise due diligence in requesting his petition for writ of error coram nobis relief. This court, without issuing a written opinion, granted Williams’s petition to reinvest jurisdiction in the circuit court to consider error |scoram nobis relief.[1] The circuit court, also without making specific written findings, could find lack of due diligence absent a hearing. Therefore, the circuit court did not abuse its discretion in denying the writ. I would affirm. Contrary to the majority’s opinion today, when this court reinvested jurisdiction in the circuit court it did not tacitly reject the State’s due-diligence argument. More importantly, the circuit court could not have known what this court considered and rejected because the court did not issue a written opinion explaining its reasons or purpose for reinvesting jurisdiction. Typically, when an error coram nobis claim has apparent merit, this court has left it to the circuit court to determine the issue of due diligence. See Howard v. State, 2012 Ark. 177, 403 S.W.3d 38; Cloird v. State, 349 Ark. 33, 38, 76 S.W.3d 813, 816 (2002) (per curiam) (“[Fjinally, coram nobis proceedings require the petitioner to show that he proceeded with due diligence in making application for relief. Accordingly, the trial court should consider whether petitioner raised the possible Brady violation in a timely manner.”) (internal citations omitted); see also Larimore v. State, 327 Ark. 271, 281-82, 938 S.W.2d 818, 823 (1997) (“As the trial court considers whether to grant the writ, the following guidelines are applicable ... Due diligence is required in making an application for relief, and, in the absence of a valid excuse for delay, the petition will be denied.”). The circuit court could have denied the writ of error coram nobis for lack of due diligence after reviewing the parties’ motions and the evidence attached thereto. Such an analysis would not require the circuit court to hold a hearing. IflThe majority contends that the circuit court should have explained why it was denying relief in its written order, but this is inconsistent with our own practice. Just as we are not required to explain why we reinvest jurisdiction, before today, we have never held that a circuit court must make written findings of fact in denying or granting a writ of error coram nobis. Our role is to determine whether the decision denying the writ was an abuse of discretion because the circuit court acted arbitrarily or groundlessly. Nelson v. State, 2014 Ark. 91, 431 S.W.3d 852. If we conclude that the circuit court’s decision was not an abuse of discretion, we should affirm irrespective of whether a hearing was held. Because Williams did not diligently pursue his Brady violation, the circuit court properly denied Williams relief. Therefore, we should affirm. Upon considering whether Williams acted with due diligence given the facts he offered to the circuit court, the circuit court did not abuse its discretion in denying relief. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) he could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, he did not delay bringing the petition. Newman v. State, 2009 Ark. 539, 354 S.W.3d 61. Williams’s allegation of a Brady violation is founded on an exculpatory statement obtained from his companion, Smith, on the evening of the murder. The statement provides that Smith was with Williams when the altercation with the victim began but that he fled the scene shortly after the gun emerged and before the victim was shot. Under these circumstances, Williams did not exercise due diligence. First, Williams was aware of all the facts contained in the statement because he witnessed the same events. |t (Williams also was aware of Smith’s identity and presence at the scene, and in the exercise of due diligence, he could have located Smith and called him as a witness at trial. Finally, Williams unnecessarily delayed bringing the petition. Williams first learned of Smith’s statement in September 2010, following a Freedom of Information Act request. Yet he did not file his petition until December 2015, more than five years later. We previously have held that a five-year delay in requesting error coram nobis relief is not diligent. Thomas v. State, 367 Ark. 478, 483, 241 S.W.3d 247, 250 (2006) (per curiam). Williams attempts to circumvent this five-year delay by arguing that he did not have a claim until 2014 when he received the prosecutor’s file containing the statement. He mistakenly assumes that a Brady violation arises only after there is evidence that the prosecutor had the allegedly undisclosed statement. A Brady violation occurs when the State, regardless of whether it is law enforcement or the prosecutor’s office, withholds evidence. Howard v. State, 2012 Ark. 177, at 10, 403 S.W.3d at 45. Therefore, even if everything appellant alleges factually is true, his Rracfoy-violation claim became known to him once he received the police file and discovered Smith’s statement to police. It is factually irrelevant whether Smith’s statement turned up in the prosecutor’s file when it was obtained in 2014. Because the circuit court was correct for denying his writ, I would affirm. Kemp, C.J., joins. . Notably, I dissented from the grant of Williams’s petition to reinvest jurisdiction in the circuit court.