KAREN R. BAKER, Associate Justice
Petitioner Saba A. Makkali brings this petition to reinvest jurisdiction in the trial court so that he may file a petition for writ of error coram nobis in his criminal case. He has also filed a motion for appointment of counsel and a motion to amend the motion for appointment of counsel. It is the third such petition filed in this court. In the petition, Makkali contends that the State, in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), withheld the fact that fingerprints other than his own were found inside the van that he was convicted of stealing. Because we find that Makkali's claim does not establish a ground for the writ and further find that he did not exercise due diligence in bringing the claim, the petition is denied. The denial of the petition renders the motions for appointment of counsel *475 and to amend the motion for appointment of counsel moot.
I. Nature of the Writ
The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Newman v. State , 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Newman , 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771.
II. Grounds for the Writ
The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
III. Background
Makkali, who was formerly known as Gary Cloird, is incarcerated pursuant to a 1992 conviction for rape and theft of a van for which he was sentenced to thirty years' imprisonment for rape and five years' imprisonment and a $ 1000 fine for theft. The sentences were ordered to run consecutively. This court affirmed. Cloird v. State , 314 Ark. 296, 862 S.W.2d 211 (1993). In 2002, Makkali's first petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis was granted by this court. Cloird v. State , 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam). The coram nobis petition alleged that DNA evidence related to the rape had not been turned over to defense counsel in violation of Brady . After a hearing on the petition, the trial court denied relief, and we affirmed. Cloird v. State , 357 Ark. 446, 182 S.W.3d 477 (2004). In 2011, Makkali filed a second coram nobis petition that was denied by per curiam order.
IV. Claim of a Brady Violation
To establish a Brady violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Howard , 2012 Ark. 177, 403 S.W.3d 38. The mere fact that a petitioner alleges a Brady violation is not sufficient to provide a basis for error coram nobis relief. Wallace v. State , 2018 Ark. 164, 545 S.W.3d 767 ; see also Penn v. State , 282 Ark. 571, 670 S.W.2d 426 (1984) (a mere naked allegation that a constitutional right has been invaded will not suffice to warrant issuance of the writ).
Makkali contends that the State violated Brady by not revealing that fingerprints belonging to two other known *476 suspects had been found in the van. He argues that evidence of the presence of fingerprints not his own would have established to the jury that he did not steal the van.
Makkali has not demonstrated a ground on which the writ should issue. There was testimony at Makkali's trial that there were fingerprints found in the van, but the investigating officers testified that there was no fingerprint or other physical evidence that tied Makkali to the theft. Further, defense counsel argued in closing that no fingerprint evidence implicating Makkali had been retrieved from the van. Thus, it was clearly known at the time of trial that there was fingerprint evidence in the van, but there was no fingerprint evidence to support the State's charge that Makkali had stolen the van. The bare fact that the fingerprints of two other men were found in the van was not proof that Makkali was never in the van.
Because the evidence concerning the fingerprints of other persons in the van was not in itself sufficient to establish that Makkali did not commit the theft, Makkali has not met his burden of showing that he was prejudiced in violation of Brady . Moreover, in determining whether the petitioner was prejudiced, the totality of the evidence to support the judgment must be considered. The strength of the evidence adduced at a petitioner's trial is an important consideration in a coram nobis proceeding because the court must weigh the significance of the information that was alleged to have been concealed from the defense against the totality of the evidence to determine if the hidden information or evidence at issue would have been such as to have prevented rendition of the judgment had the existence of that material been known at the time of trial.[1] Goins v. State , 2018 Ark. 312, at 6, 558 S.W.3d 872, 876. The mere fact that the fingerprints of two other people were found in the van does not establish that there existed some fact that would have prevented rendition of the theft judgment if it had been known at the time of trial. As stated, coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid, and Makkali's claims are not sufficient to overcome that presumption.
V. Petitioner's Failure to Act with Due Diligence
The State correctly asserts that Makkali was not diligent in bringing this proceeding. We have consistently held that due diligence is required in making an application for coram nobis relief, and in the absence of a valid excuse for delay, the petition can be denied on that basis alone. Green , 2016 Ark. 386, 502 S.W.3d 524. This court will itself examine the diligence requirement and deny a petition when it is evident that a petitioner failed to proceed diligently. Roberts , 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. Mosley v. State , 2018 Ark. 152, 544 S.W.3d 55. It has been approximately twenty-six years since *477 Makkali was convicted. Even if he had offered any substantiation for his claims that the State violated Brady , he has failed to meet the last of the three criteria for bringing his allegations pertaining to his theft conviction in his third coram nobis petition and after such a lengthy delay.
Petition denied; motions moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
The majority has not given Mr. Makkali's Brady claim due consideration. While it was known that there were other fingerprints found in the van that Mr. Makkali was convicted of stealing, he was apparently not made aware of the fact that fingerprints were matched to two known suspects. This fact is of critical importance.
Under Arkansas law, in order to pursue a defense that implicates another person for the crime that you are charged with, you must present evidence that directly implicates that other person. Otherwise, evidence implicating a third person is inadmissible. Johnson v. State , 342 Ark. 186, 27 S.W.3d 405 (2000) ; Echols v. State , 326 Ark. 917, 936 S.W.2d 509 (1996). Withholding the fact that fingerprints found in the van belonged to identified suspects would have given Mr. Makkali a compelling defense that was otherwise not available. In my view, this is a textbook Brady violation. Accordingly, we should reinvest jurisdiction in the circuit court so that Mr. Makkali can pursue a writ of error coram nobis.
I respectfully dissent.

In 2016, Makkali unsuccessfully raised a similar claim in a habeas petition for scientific testing. In his petition, Makkali requested that fingerprint testing be conducted on the prints from the van. The petition was denied, and on appeal, this court affirmed, finding that "the absence of fingerprint evidence did not overcome the strong testimonial evidence supporting his conviction" for theft of the van and that further testing would not advance his conclusory claim of innocence. Makkali v. State , 2017 Ark. 46, at 7-8, 510 S.W.3d 240, 244.