Cite as 2020 Ark. 188

# SUPREME COURT OF ARKANSAS

No. CV-19-825

| | | |
|---|---|---|
| SABA MAKKALI | | Opinion Delivered: May 14, 2020 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-18-769] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Saba Makkali, who is also known as Malik Saba Makkali and who was formerly known as Gary Cloird, appeals from the dismissal by the circuit court of his pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). In the petition, Makkali sought scientific testing of evidence from his 1992 criminal case. Because Makkali had already raised the same issue in an earlier petition, the circuit court did not err when it declined to grant the writ. Accordingly, we affirm the order.

## I. *Background*

Makkali was found guilty in 1992 of rape and theft of a van and sentenced to an aggregate term of forty years imprisonment. We affirmed. *Cloird v. State*, 314 Ark. 296,

862 S.W.2d 211 (1993). Evidence adduced at trial established that the victim was abducted and taken to a trailer where two men raped her orally, vaginally, and anally. Makkali joined the men and raped her orally. Makkali's petition filed in 2018 was his second petition for scientific testing under the Act. Makkali, who noted in his 2018 petition that he "was recently released from prison," contended that his petition should be granted because his victim's pretrial statements supported his argument that scientific testing should be performed on vaginal swabs taken from the victim because she said he had engaged in "sex" with her rather than oral sex, suggesting that vaginal intercourse might have occurred. The victim testified at trial that only oral sex had occurred.

## II. *Standard of Review*

We do not reverse the denial of a petition under Act 1780 unless the circuit court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

## III. *Allegation that Makkali was Actually Innocent*

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Pankau v. State*, 2013 Ark. 162. We have held that DNA testing of evidence is authorized under this statute if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of

innocence in light of all the evidence presented to the jury. *Johnson v. State*, 2019 Ark. 391, 591 S.W.3d 265. In addition, under section 16-112-202, the petition must identify specific evidence for testing that was secured as a result of petitioner's conviction; the evidence must have been maintained subject to a chain of custody; and the petitioner must identify a theory of defense based on the new evidence that the requested testing would provide, and which would establish petitioner's actual innocence. *Rayfield v. State*, 2020 Ark. 40, 592 S.W.3d 237. Furthermore, it must be shown that the proposed testing of the specific evidence would raise a reasonable probability that the petitioner did not commit the offense. *Pankau*, 2013 Ark. 162; Ark. Code Ann. § 16-112-202(8). Finally, there are a number of other predicate requirements that must be met before a court can order testing under the Act. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B).

Makkali filed his first petition for habeas relief in 2015 under the Act, more than twenty years after the judgment had been entered, and more than ten years after Act 1780 was first enacted. Therefore, a rebuttable presumption arose that the petition was untimely. Under section 16-112-202(10)(B), Makkali was therefore required to rebut this presumption by showing the following: (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own

3

assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) other good cause. *Rayfield*, 2020 Ark. 40, 592 S.W.3d 237; Ark. Code Ann. § 16-112-202(10)(B). This court found that Makkali's petition contained nothing more than his own assertion of innocence, and that his conclusory allegation of incompetence was belied by his history of litigation. Likewise, there was no showing that newly discovered evidence, manifest injustice, new testing methods, or good cause prevented Makkali from filing his petition within the thirty-six-month time limitation.

We further held when the first petition was denied that, notwithstanding Makkali's failure to rebut the presumption that his petition is untimely, he had failed to establish that additional testing would significantly advance his claim of innocence. There is no need to reiterate the evidence presented at trial that established that Makkali entered the trailer where he orally raped the victim. *Makkali v. State*, 2017 Ark. 46, at 6, 510 S.W.3d 240, 243. We held that Makkali had failed to establish that DNA testing of vaginal swabs would provide evidence material or relevant to his claim of innocence. We further noted that this court had previously held that tests on vaginal swabs at the time of his trial would not have been determinative of any oral contact between Makkali and the victim. *Cloird*, 357Ark. at 454, 182 S.W.3d at 478. Thus, any additional DNA testing of a vaginal swab recovered from the victim would not give rise to a reasonable probability that Makkali did not commit the offense for which he was convicted. Ark. Code Ann. § 16-112-202(8)(B).

4

Makkali has already raised his claim to the circuit court and it was rejected on appeal. He was not entitled to relief on the same allegation in the subsequent petition.

IV. *Motion for Appointment of Counsel*

Makkali argues on appeal that the circuit court erred by not granting his motion for appointment of counsel in the habeas proceeding. Because Makkali had already litigated his claims under the Act, he was not entitled to appointment of an attorney to represent him.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. The majority has improperly dismissed Mr. Makkali's habeas petition. When the General Assembly enacted Act 1780 of 2001, it expanded the reach of Arkansas's habeas corpus statute.

Before Act 1780, a habeas petition required that a petitioner actually be in official custody. It stated:

> The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he *is detained* without lawful authority, or *is imprisoned* when by law he is entitled to bail. (Emphasis added).

Ark. Code Ann. § 16-112-103 (1987). Act 1780, however, added the phrase, "or who has alleged actual innocence of the offense or offenses for which the person was convicted." The current statute now reads:

5

> The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he is detained without lawful authority, or is imprisoned when by law he is entitled to bail, *or who has alleged actual innocence of the offense or offenses for which the person was convicted.* (Emphasis added).

Ark. Code Ann. § 16-112-103 (Repl. 2016).

In addition to the changes to Ark. Code Ann. § 16-112-101 et seq., Act 1780 also created an entirely new habeas remedy for post-conviction scientific testing, codified at Ark. Code Ann. § 16-112-201 et seq. The latter is the statutory framework through which Makkali is seeking relief. Relevant here, Ark. Code Ann. § 16-112-201 provides that "[e]xcept when direct appeal is available, a person *convicted of a crime* may commence a proceeding to secure relief" through post-conviction scientific testing. (Emphasis added). There is no requirement that the petitioner be presently incarcerated.

Put simply, the additional language from Act 1780 allows a convicted person to pursue scientific testing to prove his or her innocence—whether incarcerated or not. This is plain. The General Assembly could not have been clearer when it enacted Act 1780, speaking to its intent:

> SECTION 1. The General Assembly finds that the mission of the criminal justice system is to punish the guilty and to *exonerate the innocent.* The General Assembly further finds that Arkansas laws and procedures should be changed in order to accommodate the advent of new technologies enhancing the ability to analyze scientific evidence[.]

(Emphasis added). Act 1780 was remedial legislation that must be liberally construed to accomplish its purpose. *See, e.g., City of Fort Smith v. Wade*, 2019 Ark. 222, 578 S.W.3d 276

(remedial legislation such as the Freedom of Information Act must be liberally construed to accomplish its purpose). The General Assembly rightly declared that the State of Arkansas has no interest in punishing innocent persons. Even if a person is paroled, the stigma of a wrongful conviction dogs that person as he or she attempts to rejoin society.

Moving to the requirements for testing, the majority's reliance upon Ark. Code Ann. § 16-112-202(10)'s "presumption against timeliness"[1] to bar Makkali's petition (since it was filed more than thirty-six months after his conviction) disregards the history of this matter. Note that Act 1780 of 2001 did not even exist when Makkali was convicted in 1992. Moreover, Makkali has been pursuing testing on the vaginal swabs at least since 2002. *See Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2002) (Supreme Court of Arkansas granting Makkali's petition to reinvest jurisdiction in the trial court to consider the writ of error coram nobis for the suppressed vaginal swabs). Additionally, Ark. Code Ann. § 16-112-202(10) lists several circumstances under which the presumption against timeliness is rebutted, including "good cause[,]" (Ark. Code Ann. § 16-112-202(10)(B)(v)), and Makkali's petition explains that he was only able to obtain the victim's pre-trial statement since his recent release from custody. The victim's pre-trial statement provides the requisite factual basis for Makkali's petition, which he filed July 9, 2018. There is every indication that

---

[1]The presumption against timeliness that the legislature included in Act 1780 is inconsistent with Article 2, § 11 of the Arkansas Constitution, which provides, "The privilege of the writ of habeas corpus shall not be suspended; except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it."

Makkali has pursued this matter diligently, and Ark. Code Ann. § 16-112-202(10)'s presumption against timeliness does not control here.

Finally, the majority's conclusion that Makkali's proposed testing could not significantly advance his claim of innocence (since the proposed testing would involve vaginal swabs taken from the victim after the crime, when the victim testified at trial that Makkali orally raped her) disregards the victim's pre-trial statement which Makkali has now obtained, which is the whole point of this petition. In the pre-trial statement, the victim stated that the individual later identified as Makkali (then Cloird) had sex with her, and the statement did not limit that characterization to "oral sex." In short, if Makkali could have shown (1) that the victim's pre-trial statement provided that the third assailant had sex with her, and (2) that the vaginal swabs excluded Makkali as the third contributor, this could significantly advance his claim of innocence. For these reasons, I would reverse and remand to the circuit court for further proceedings and grant Makkali's motion for appointed counsel.

I dissent.

*Saba Makkali*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.