Cite as 2021 Ark. 128

# SUPREME COURT OF ARKANSAS

**No.** CR-93-284

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** June 10, 2021 |
| SABA K. MAKKALI | | |
| | PETITIONER | PRO SE FOURTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION FOR STIPULATION OF UNDISPUTED FACTS; MOTION FOR APPOINTMENT OF COUNSEL [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-92-191A] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION DENIED; MOTIONS MOOT. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Saba K. Makkali, who was formerly known as Gary Cloird, brings this pro se fourth petition to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis. In his petition, Makkali primarily contends that the prosecutor withheld DNA evidence derived from a vaginal swab taken from the victim and that the DNA evidence was material in view of the victim's initial statement to police asserting that Makkali had sex with her while two other perpetrators restrained her. Also pending before this court are two motions in connection with the coram nobis petition. The first motion requests stipulations regarding the testimony presented at Makkali's trial, and the second motion requests appointment of counsel. Because Makkali fails to allege sufficient grounds

for the issuance of a writ of error coram nobis, the petition is denied. The motions are rendered moot.

## I. *Background*

Makkali was convicted in 1992 of rape and theft of a van for which he was sentenced to 360 months' imprisonment for rape and sixty months' imprisonment for theft. The sentences were ordered to run consecutively. This court affirmed. *Cloird v. State*, 314 Ark. 296, 862 S.W.2d 211 (1993).

In 2002, this court granted Makkali's first petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam). That coram nobis petition alleged that DNA evidence related to the rape had not been turned over to defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 37, 76 S.W.3d at 815. Specifically, the petition alleged that DNA evidence taken from a vaginal swab had not been disclosed to the defense. *Id.* at 38, 76 S.W.3d at 816. Following a full hearing on the coram nobis petition, the trial court found that the DNA evidence obtained from the vaginal swab would not have been exculpatory because the victim had testified that Makkali had orally raped her. We affirmed. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). In 2011, Makkali filed a second coram nobis petition that was denied by per curiam order, and in Makkali's third petition, he contended that the State withheld evidence that fingerprints other than his own were found inside the van that he was convicted of stealing. We denied the petition. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472.

2

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied on and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

## III. *Claims for Relief*

In his fourth petition for writ of error coram nobis, Makkali contends that the prosecutor withheld DNA evidence derived from the victim's vaginal swabs. This claim was fully explored in Makkali's first coram nobis petition and, after a full hearing, was rejected by the circuit court and this court because the victim testified at trial that Makkali orally raped her. In his fourth petition, Makkali adds a factual allegation to his prior claim,

3

contending that the victim initially stated that Makkali had sex with her while her legs were being restrained. According to Makkali, the victim's statement establishes that she initially accused him of vaginal rape, which in turn demonstrates that the vaginal DNA evidence was material evidence that would have changed the outcome of the trial. Makkali's claim fails for three reasons. First, Makkali admits in his petition that the victim's statement to investigators was introduced into evidence at his criminal trial and was therefore not extrinsic to the record. Second, Makkali admits in his petition that the attorney for Roosevelt Burton, Makkali's codefendant, testified at Makkali's coram nobis hearing that the prosecutor had, in fact, turned the DNA results over to the defense. Makkali contends that although the prosecutor turned the evidence over to Burton's attorney, Makkali's attorney, who had died before the coram nobis hearing was held, was not given access to the results. Makkali and his codefendant, Burton, were tried together for raping the victim, and it is unlikely that Burton's counsel possessed information that Makkali's counsel did not. Makkali presents no evidence other than his own self-serving statement that the DNA results were not available to his counsel. Third, the victim's statement that Makkali had sex with her is not inconsistent with her testimony that the sex included oral sex and not vaginal sex. In any event, a separate witness testified that Makkali admitted having orally raped the victim. *See Makkali v. State*, 2017 Ark. 46, 510 S.W.3d 240.

Makkali's other allegations amount to an attack on the sufficiency of the evidence supporting his conviction in that Makkali contends that the victim (1) had an extensive history of mental illness; (2) was drinking on the night of the assault; (3) took a week to identify Makkali in a photo lineup; and (4) was described by the prosecutor as a liar in the

4

opening statement, but the prosecutor assured she would nevertheless testify truthfully during the course of the trial. Challenges to the sufficiency of the evidence constitute a direct attack on the judgment and are not cognizable in a coram nobis proceeding. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

Petition denied; motions moot.

*Saba K. Makkali*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.