Gary CLOIRD, A/K/A Saba Ka Makkali, A/K/A Simba Kali *v.*
STATE of Arkansas and Greg Harmon, Warden

CR 93-284                                       114 S.W.3d 756

Supreme Court of Arkansas
Opinion delivered May 8, 2003

*Appellant, pro se.*

*Mike Bebee*, Att'y Gen., by: *Teena L. Watkins*, Ass't Att'y
Gen., for appellee.

PER CURIAM. Petitioner Gary Cloird, also known as
Saba Ka Makkali and Simba Kali, was convicted in the
Jefferson County Circuit Court of the January 1992 crimes of rape
and theft of property and was sentenced to a total of thirty-five
years' imprisonment. This court affirmed his convictions and sen-
tence in *Cloird v. State*, 314 Ark. 296, 862 S.W.2d 211 (1993).
The procedural history of Cloird's case is set out at length in our
opinion issued on March 6, 2003. *See Cloird v. State*, 352 Ark.
190, 99 S.W.3d 419 (2003). At issue in that case was Cloird's
petition for writ of *habeas corpus*, based on his assertion that the

Jefferson County Circuit Court lacked jurisdiction to try him for the offense of rape, which occurred in a trailer located in Arkansas County. We denied the petition, explaining that the evidence demonstrated that the crimes against the victim were committed in a single criminal episode that began in Jefferson County and culminated in Arkansas County. Thus, we concluded that under our statutes and case law, either county had jurisdiction to try Cloird.

On March 14, 2003, Cloird filed a *pro se* motion to recall the opinion issued on March 6. That same date, he filed a *pro se* petition for writ of *habeas corpus*, again alleging that the Jefferson County Circuit Court lacked jurisdiction to convict and sentence him. On March 26, Cloird filed a *pro se* motion to treat the motion to recall as a petition for a writ of prohibition, a *pro se* motion for oral argument, and a *pro se* motion for the appointment of counsel. We denied Cloird's petition and his motions on April 10, 2003.

On April 18, 2003, Cloird filed another *pro se* petition for writ of *habeas corpus* in this court, once again claiming that Jefferson County lacked jurisdiction to convict and sentence him. Thereafter, on April 23, Cloird filed a second set of the same *pro se* motions that were denied on April 10. In addition, he filed a *pro se* motion to consolidate the record, in which he attempts to distinguish a trial court's jurisdiction to try a defendant from its jurisdiction to enter judgment against a defendant. He apparently believes that our March 6, opinion only addressed the issue of jurisdiction to try him, and that, therefore, the issue whether the trial court had jurisdiction to enter judgment against him remains unresolved.

We deny the petition for writ of *habeas corpus* and the remaining motions submitted by Cloird. The issue of the trial court's jurisdiction over Cloird's charge of rape was fully addressed and settled in our previous opinion. We therefore take this opportunity to give notice that we will not accept any further petitions or motions in this case that raise the settled issue of the trial court's jurisdiction, and we instruct our clerk to refuse to accept any such pleadings from Cloird.

The only remaining issue to be brought before this court involving Cloird is an appeal from the trial court's denial of a writ of error *coram nobis*. Attorney Jeff Rosenzweig has been appointed to represent Cloird in this matter by the trial court. Mr. Rosenzweig has informed this court that he filed a timely notice of appeal from the trial court's denial of the *coram nobis* matter, and that the record is due to be filed in this court on or before June 4, 2003.

■ *Pro se* petition for writ of *habeas corpus* is denied; *pro se* motions for oral argument, to recall the opinion, to consolidate the record, for appointment of counsel, and for permission to treat the motion to recall opinion as a petition for writ of prohibition are denied.