SLIP OPINION

Cite as 2016 Ark. 137

# SUPREME COURT OF ARKANSAS

No. CV–15–856

| | |
|---|---|
| MALIK (SABA) KA MAKKALI<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered** March 31, 2016<br><br>APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[NO. 35CV-15-379]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

In 1992, the Jefferson County Circuit Court held the jury trial of Malik (Saba) Ka Makkali (nee Gary Cloird), and he was found guilty of rape and theft of property and sentenced to an aggregate term of 35 years' imprisonment. We affirmed. *Cloird v. State*, 314 Ark. 296, 862 S.W.2d 211 (1993). In 2015, Makkali filed a petition for writ of habeas corpus in the Jefferson County Circuit Court, and the court dismissed the petition without prejudice for lack of jurisdiction. Appellant appeals, contending that his petition was properly filed in the Jefferson County Circuit Court. We reverse and remand.

In his petition requesting that the Jefferson County Circuit Court issue the writ, Makkali asserted that he sought the writ pursuant to Arkansas Code Annotated section 16-112-201 (Repl. 2006). Makkali alleged that untested DNA evidence entitled him to the writ, and he requested that the court vacate or set aside the judgment and either discharge him, grant him a new trial, or resentence him. The circuit court, after noting that Makkali was

SLIP OPINION

incarcerated in Hot Spring County, Arkansas, concluded that it lacked jurisdiction and dismissed the petition without prejudice.

In relevant part, Arkansas Code Annotated section 16–112–201 provides as follows:

> (a) Except when direct appeal is available, a person convicted of a crime may commence a proceeding to secure relief by filing a petition in the court in which the conviction was entered to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate, if the person claims under penalty of perjury that:
> (1) Scientific evidence not available at trial establishes the petitioner's actual innocence; or
> (2) The scientific predicate for the claim could not have been previously discovered through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would find the petitioner guilty of the underlying offense.

In sum, when a petitioner makes either of the two scientific-evidence-based claims in a habeas petition, the petitioner may commence a proceeding to secure relief by filing a petition in the court in which the conviction was entered. In the petition Makkali filed in the Jefferson County Circuit Court—the court where Makkali was convicted—he alleged that untested DNA evidence established his entitlement to the writ.

On appeal, Makkali contends that the Jefferson County Circuit Court erred in dismissing his petition for lack of jurisdiction. Particularly, he argues that, in accordance with Arkansas Code Annotated section 16–112–201, because he was convicted in the Jefferson County Circuit Court, the petition was properly filed in that court. In response, the State contends that the correct court in which to file a petition for writ of habeas corpus is in the circuit court in the county in which the petitioner is incarcerated at the time of the filing of

the petition. The State asserts that because Makkali was incarcerated in Hot Spring County at the time he filed his petition, he improperly filed his petition in the Jefferson County Circuit Court.

Under the general habeas statutes, the power of the "circuit court to issue writs of habeas corpus shall be coextensive with the state." Ark. Code Ann. § 16–112–102(a)(1). While a court may have the power to issue a writ statewide, the general habeas statutes further provide that the "writ shall be directed to the person in whose custody the prisoner is detained, and made returnable . . . before the circuit judges of the county in which it may be served, if either are within the county." Ark. Code Ann. § 16–112–105(b)(1). The "person in whose custody the prisoner is detained" is the person having physical custody of the prisoner. *Hundley v. Hobbs*, 2015 Ark. 70, at 3, 456 S.W.3d 755, 757. Thus, under the general habeas statutes, the writ is returnable only to the circuit court in the county in which the petitioner is detained. *See Mackey v. Lockhart*, 307 Ark. 321, 322, 819 S.W.2d 702, 703 (1991) (stating that while the Garland County Circuit Court had jurisdiction to determine whether the writ should be issued, it did not have jurisdiction to determine whether the prisoner, who was in another county, should be released).

Here, however, Makkali is proceeding under Arkansas Code Annotated section 16–112–201, which governs scientific-evidence-based claims. That statute provides that the petitioner may commence a proceeding to secure relief by filing a petition in the court in which the conviction was entered. Because Makkali was convicted in Jefferson County, the Jefferson County Circuit Court was the proper court in which to file the petition. Accordingly, we

3

reverse and remand the Jefferson County Circuit Court's order dismissing the case and remand the case to that court for proceedings consistent with this opinion.

Reversed and remanded.

*Malik (Saba) Ka Makkali*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.