SLIP OPINION

Cite as 2017 Ark. 46

# SUPREME COURT OF ARKANSAS.
No. CV-16-673

| | |
|---|---|
| MALIK (SABA) KA MAKKALI<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** February 16, 2017<br><br>PRO SE MOTION FOR BELATED APPEAL AND RULE ON CLERK [JEFFERSON COUNTY CIRCUIT COURT, NOS. 35CV-15-379; 35CV-15-856]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>APPEAL DISMISSED; MOTION TREATED AS A MOTION TO FILE A BELATED BRIEF MOOT</u>. |

**PER CURIAM**

Appellant, Malik (Saba) Ka Makkali, also known as Gary Cloird, is incarcerated pursuant to a 1992 conviction for rape and theft of a van for which he was sentenced to thirty-five years' imprisonment for rape and five years' imprisonment and a $1000 fine for theft. The sentences were ordered to run consecutively. This court affirmed the convictions and sentences. *Cloird v. State*, 314 Ark. 296, 862 S.W.2d 211 (1993). In 2002, Cloird's petition to reinvest jurisdiction in the Jefferson County Circuit Court to consider a petition for writ of error coram nobis was granted by this court. *Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2002). The coram-nobis petition had alleged that DNA evidence taken from a vaginal swab of the victim had not been turned over to defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Following a full hearing on the coram-nobis petition, the trial court found that the DNA evidence obtained from the vaginal swab would

not have been exculpatory because the victim had testified that Makkali had orally raped her. We affirmed. *Cloird v. State*, 357 Ark. 446, 448–49, 182 S.W.3d 477, 478 (2004).

On July 28, 2015, Makkali filed in the trial court a petition for a writ of habeas corpus and a motion for the performance of DNA testing under Act 1780 of 2001 wherein he sought testing of the vaginal swab. The trial court dismissed the petition without prejudice because Makkali was not incarcerated in Jefferson County and the trial court found that it did not have jurisdiction to act on the habeas petition. We reversed and remanded, finding that jurisdiction of a habeas petition filed under Act 1780, codified at Arkansas Code Annotated section 16-112-201 to -208 (Repl. 2006), was properly brought in the Jefferson County Circuit Court where Makkali had been convicted. *Makkali v. Kelly*, 2016 Ark. 137 (per curiam).

After the matter was remanded, Makkali filed in the trial court on April 28, 2016, a motion to amend his original habeas petition to include, in addition to his request for DNA tests of the vaginal swab, a request for DNA testing of the following items: a shotgun; two screw drivers; a handgun; a toilet roll; and a bed sheet. In this motion, Makkali also sought fingerprint testing in connection with his conviction for stealing the van and for "fact testing" of phone bills in connection with stolen phone cards for which he had been convicted in a separate case.[1] Makkali alleged that further tests of these phone bills would

---

[1] Before being tried and convicted of rape and theft of a van in August 1992, Makkali was convicted of theft of property and residential burglary on July 15, 1992, in a separate case, Jefferson County Circuit Court No. 35CR-92-125.

demonstrate that he had used the card to make phone calls forty miles away from the scene at the time the rape was committed.

On July 7, 2016, the trial court denied Makkali's original petition for a writ of habeas corpus, as well as the motion to amend the habeas petition. The trial court concluded that the request for testing was untimely and was otherwise without merit as the DNA tests and fingerprint tests sought by Makkali would not exonerate him.[2] Makkali filed a timely notice of appeal from the order on July 22, 2016.

Now pending before this court is Makkali's motion for belated appeal and rule on clerk asking for leave to file a belated brief, whichwould constitute a motion to file a belated brief, as the appeal and record were both timely filed. We need not consider the request to file a belated brief because there is clearly no merit to the appeal. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Crawford v. Cashion*, 2010 Ark. 124, at 2, 361 S.W.3d 268, 270 (per curiam). Because a review of the habeas petition, the motion to amend, and the pertinent records related to Makkali's convictions conclusively demonstrate that Makkali could not prevail, we dismiss the appeal, and the motion seeking to file a belated brief is therefore moot.

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the

---

[2] The trial court also substituted the State of Arkansas as the proper respondent pursuant to Arkansas Code Annotated section 16-112-203(a) (Repl. 2006).

SLIP OPINION

offense for which he was convicted. *Pankau v. State*, 2013 Ark. 162, 5–6. We have held that DNA testing of evidence is authorized under this statute if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of innocence in light of all the evidence presented to the jury. *King v. State*, 2013 Ark. 133, at 4–5 (per curiam). In addition, under section 16–112–202, the petition must identify specific evidence for testing that was secured as a result of petitioner's conviction; the evidence must have been maintained subject to a chain of custody; and the petitioner must identify a theory of defense based on the new evidence that the requested testing would provide, and which would establish petitioner's actual innocence. *Clemons v. State*, 2014 Ark. 454, at 5, 446 S.W.3d 619, 622. Furthermore, it must be shown that the proposed testing of the specific evidence would raise a reasonable probability that the petitioner did not commit the offense. *Pankau*, 2013 Ark. 162 at 5–6; Ark. Code Ann. § 16–112–202(8). Finally, the amendments under Act 2250 created a number of other predicate requirements that must be met before a court can order testing under the Act. *Hill v. State*, 2016 Ark. 258, 3–4, 493 S.W.3d 754, 756 (per curiam). One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. *Id*. (citing Ark. Code Ann. § 16–112–202(10)(B)).

Makkali filed his petition for habeas relief in 2015, more than twenty years after the judgment had been entered, and more than ten years after Act 1780 was first enacted. Therefore, a rebuttable presumption arose that the petition was untimely. Under section 16–112–202(10)(B), Makkali was therefore required to rebut this presumption by showing the following: (1) that the petitioner was or is incompetent, and the incompetence

substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) other good cause. *Hill*, 2016 Ark. 258, at 3–4, 493 S.W.3d at 756 (citing Ark. Code Ann. § 16–112–202(10)(B)). Makkali's petition contained nothing more than his own assertion of innocence, and his conclusory allegation of incompetence is belied by his history of litigation.[3] Likewise, there is no showing that newly discovered evidence, manifest injustice, new testing methods, or good cause prevented Makkali from filing his petition within the thirty-six-month time limitation. *Douthitt v. State*, 366 Ark. 579, 581, 237 S.W.3d 76, 78 (2006) (per curiam).

Notwithstanding Makkali's failure to rebut the presumption that his petition is untimely, Makkali had failed to establish that additional testing would significantly advance his claim of innocence. A review of the trial record reveals that Makkali was tried with co-defendants, Kurt Morris and Roosevelt Burton, for the rape of the victim who described being raped by multiple assailants. According to the victim, she had met Morris and Burton at a bar and later accepted a ride from them to another local bar. Instead of driving to the

---

[3] Makkali filed pro se challenges to his conviction in state and federal court, including the petition for coram-nobis relief filed in 2002 that is cited above, as well as a petition for a writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101–123, the denial of which was affirmed by this court. *Cloird A/K/A Saba Ka Makkali v. State*, CR-93-284 (Ark. May 8, 2003) (unpublished per curiam). More recently, Makkali filed a federal petition for a writ of habeas corpus that was denied by the federal district court. *Makkali v. Hobbs*, No. 5:31CV002-01, 2013 Westlaw 6231113 at 3 (E.D. Ark. Dec. 2, 2013).

bar, Morris and Burton drove the victim to a trailer in Humphrey, Arkansas, where, over a period of several hours, the victim was repeatedly raped by Morris and Burton in what the victim described as the first of three bedrooms in the trailer. The victim testified that while she was being held and assaulted by Morris and Burton, Makkali entered the trailer where he orally raped her in a second bedroom. The victim's testimony was corroborated by the testimony of Tremaine Parker, a friend of Makkali, who testified that Makkali had admitted to stealing the van and also admitted to orally raping the victim. In addition, the co-defendant Burton had confessed to the crimes and in that confession had identified Makkali as "the man from the van" who had participated in the assault by forcing the victim to engage in oral sex. Finally, an investigating officer testified that Makkali admitted to her that he had stolen the van and was present in the trailer during the relevant time period. On cross-examination, defense counsel elicited testimony from investigating officers that no physical evidence had been developed from either the van or the trailer that connected Makkali with the crimes.

In view of the victim's testimony, Makkali failed to establish that DNA testing of the vaginal swab would provide evidence material or relevant to his claim of innocence. We previously held that tests on the vaginal swab at the time of his trial would not have been determinative of any oral contact between Makkali and the victim. *Cloird*, 357 Ark. at 454, 182 S.W.3d at 478 Thus, any additional DNA testing of the vaginal swab would not give rise to a reasonable probability that Makkali did not commit the offense for which he was convicted. Ark. Code Ann. §16-112-202(8)(B).

With respect to Makkali's additional requests for DNA testing of a shotgun, screwdrivers, a handgun, a toilet roll, and a bedsheet, he failed to allege sufficient facts establishing that these items are in the possession of the State or have been retained under conditions ensuring that the evidence has not been substituted, tampered with, replaced or altered in any respect. Ark. Code Ann. § 16–112–202(4). To the extent that these items had been collected and retained by the State, Makkali did not demonstrate that testing these items had the potential to provide evidence that would significantly advance his claim of innocence in light of all the evidence presented to the jury. *King*, 2013 Ark. 133, at 4–5.

The victim testified that Morris and Burton had threatened and assaulted her with a handgun, screwdrivers, and a shotgun, but there was no testimony from the victim that Makkali handled any of the weapons connected with the crimes or that he came in contact with a toilet roll. Furthermore, DNA testing of a bedsheet taken from the crime scene would have no potential to provide exonerating evidence in view of the testimony at trial which established that this bedsheet came from the first bedroom where the victim stated she had been raped by Morris and Burton. Investigators testified that there were no sheets on the bed in the second bedroom where the victim testified that Makkali had orally raped her.

Makkali's requests for fingerprint testing in connection with his conviction for stealing the van and for additional "fact testing" of phone bills related to stolen calling cards also failed to meet the requirements of Act 1780. Makkali did not specify what item or items were to be subjected to additional fingerprint testing as required by Arkansas Code Annotated section 16–112–202(4). In any event, trial testimony established that Makkali's

fingerprints had not been recovered from the stolen van.  The absence of fingerprint evidence did not overcome the strong testimonial evidence supporting his conviction in the first instance and any further testing would likewise fail to advance his current conclusory claim of innocence.  *King*, 2013 Ark. 133, at 4–5.

Equally unavailing was Makkali's allegation that "fact testing" certain calling-card bills would establish that he was at a phone booth located forty miles away at the time the victim had been raped.  First, Makkali did not specify what method of "fact testing" is available that was not available at the time of his trial, that is reasonable in scope, and that utilizes scientifically sound methods that are consistent with forensic practices.  Ark. Code Ann. § 16-112-202(5).  Second, the testimony at trial established that Makkali's friend, Tremaine Parker, had been given access to the numbers on the stolen cards and Parker testified that he had made numerous calls using those numbers.  Again, to the extent that the phone bills were retained by the State and are available for further testing, Makkali did not explain how such testing would identify whether Makkali or Parker had used the calling cards at certain locations within specific timeframes.

Appeal dismissed, motion treated as motion to file a belated brief moot.