2017 Ark. 360

Edmond **MCCLINTON**, Appellant

v.

**STATE** of Arkansas, Appellee

No. CV–17–558

Supreme Court of Arkansas.

Opinion Delivered December 14, 2017

Edmond McClinton, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Christian Harris, Ass't Att'y Gen., for appellee.

COURTNEY HUDSON GOODSON,
Associate Justice

This is an appeal from the trial court's denial of a pro se petition for writ of habeas corpus filed under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16–112–201 to –208 (Repl. 2016).[1] Pending before this court is appellant Edmond McClinton's pro se motion for leave to add to the addendum of his appeal brief in order to provide the complete medical records pertaining to the victim.

We need not consider the motion to supplement the addendum because there is clearly no merit to the appeal. An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward when it is clear that the appellant could not prevail. *Marshall v. State*, 2017 Ark. 208, 521 S.W.3d 456. Because a review of the habeas petition and the pertinent records related to McClinton's conviction conclusively demonstrate that he could not prevail, we dismiss the

1. McClinton's verified pro se petition was properly filed in Jefferson County where he had been convicted of the offense that is the subject of his claim for relief. *See* Ark. Code Ann. § 16–112–203(c)(2). However, the circuit clerk erroneously assigned a civil docket number to the Act 1780 habeas proceedings rather than the original criminal docket number. Because the proceedings below were assigned a separate civil docket number, this court likewise assigned a civil docket number to this pending appeal.

appeal, and the motion seeking to supplement the addendum is therefore moot.[2]

McClinton was convicted by a Jefferson County jury of raping a mentally handicapped sixteen-year-old girl, and he was sentenced as a habitual offender to a term of life imprisonment. We affirmed. *McClinton v. State*, 2015 Ark. 245, 464 S.W.3d 913, *cert. denied*, —— U.S. ——, 136 S.Ct. 367, 193 L.Ed.2d 297 (2015). Thereafter, McClinton filed in the trial court a pro se petition for a writ of habeas corpus pursuant to Act 1780 and raised the following allegations as a basis for entitlement to scientific testing: that the DNA evidence collected was illegally obtained as there was no probable cause for its collection due to the lack of medical evidence showing that a rape had occurred; that the physical evidence admitted at trial was done so without establishing a proper chain of custody; that the results of any forensic analysis constituted hearsay evidence; that the evidence collected at the crime scene was not subjected to DNA analysis; that the conviction was based on insufficient evidence; and that all of the above-cited errors resulted from ineffective assistance of counsel.

McClinton contended that due to the above-cited defects in the investigative and trial proceedings, he was entitled to scientific testing of evidence collected at the crime scene which had not been subjected to forensic analysis at the time of his trial. In support of these claims, McClinton attached to his habeas petition documents generated by the Pine Bluff Police Department, the Arkansas State Crime Lab, and the Jefferson Regional Medical Center. An attached police-department document listed items collected from the crime scene while two documents from the crime lab

referenced a sexual-assault kit and a buccal swab taken from McClinton. McClinton asserted that, because the sexual-assault kit and the buccal swab were not collected from the crime scene and were not referenced in police-department records, the items lacked a proper foundation and were, therefore, of dubious origin. McClinton also asserted that the attached medical record from the Jefferson County Regional Medical Center did not mention obtaining a sexual-assault kit. Finally, McClinton alleged that investigators altered the DNA obtained from the buccal swab. In sum, McClinton asserted that, due to the alleged unreliable nature of the sexual-assault kit and the buccal swab, and based on his bald assertion that this evidence had been falsified, he is entitled to additional forensic testing of the items collected from the crime scene. According to McClinton, such testing of the evidence collected at the crime scene would prove his innocence.

■ The trial court denied relief and concluded that McClinton failed to state grounds upon which relief could be granted under Act 1780. We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. "A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State v. Barrett*, 371 Ark. 91, 95, 263 S.W.3d 542, 545 (2007). Here, the trial court did not clearly err when it concluded that the above-cited claims for relief were not cognizable under Act 1780.

■ Petitions under Act 1780 are limited to those claims related to scientific

2. We may take judicial notice of the record from McClinton's direct appeal without need to supplement the record that is now before

this court. *See Smith v. State*, 2017 Ark. 236, 523 S.W.3d 354, *reh'g denied* (Sept. 14, 2017).

testing of evidence. The Act does not provide an opportunity for the petitioner to raise issues outside the purview of the Act, and a petition under the Act does not serve as a substitute for the pursuit of other remedies. *Marshall*, 2017 Ark. 208, 521 S.W.3d 456. McClinton's allegations challenging the credibility of the evidence as either illegally obtained or without proper foundation as well as his claims of trial court error and ineffective assistance of counsel are claims that are clearly outside the purview of Act 1780. *Id.* A habeas proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for raising an issue at trial or on direct appeal. *Cf. Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825 (regarding habeas petitions filed pursuant to 16–112–101–123). Moreover, the sufficiency of the evidence was not challenged on direct appeal. *See McClinton*, 2015 Ark. 245, 464 S.W.3d 913 (addressing the one issue raised on direct appeal that evidence of juror bias supported a mistrial). The allegations contained in McClinton's pro se petition represented an attempt to bootstrap challenges to the sufficiency of the evidence for the purpose of justifying entitlement to scientific testing under Act 1780. As explained below, McClinton's allegations failed to meet the fundamental requirements for relief under the Act.

The prerequisite for establishing a prima facie claim under Act 1780 includes demonstrating the existence of evidence or scientific methods of testing that had not been available at the time of trial or could not have been previously discovered through the exercise of due diligence.[3] Ark. Code Ann. § 16–112–201(a)(1)(2). Furthermore, the petitioner is required to demonstrate that the identity of the perpe-

trator was at issue during the investigation and prosecution of the offense being challenged. Ark. Code Ann. § 16–112–202(7). Finally, the petitioner must also show that the proposed testing of the specific evidence may produce material evidence that would raise a reasonable probability that the person making a motion under this section did not commit the offense. Ark. Code Ann. § 16–112–202(8)(B). Accordingly, we have made clear that under Act 1780 scientific testing is authorized if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of innocence in light of all the evidence presented to the jury. *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151, *cert. denied* 543 U.S. 932, 125 S.Ct. 326, 160 L.Ed.2d 235 (2004).

In his petition for habeas relief, McClinton did not allege that new evidence had come to light or that new methods of forensic testing became available that were not available at the time of his trial. Rather, McClinton contended that he is entitled to testing of items that had been collected at the crime scene and were available for forensic analysis at the time of trial, based on assertions that all other evidence presented at his trial lacked credibility or had been falsified. McClinton's allegations in this regard are entirely conclusory and otherwise represent an attempt to pursue a remedy that was available at trial or on direct appeal. *Marshall*, 2017 Ark. 208, 521 S.W.3d 456. Furthermore, a review of the trial record reveals that McClinton's identification was not at issue during the trial because the victim's sister testified that she had witnessed the rape and called police to the scene. *See* Ark. Code Ann. § 16–112–202(7). McClinton was therefore identified as the only possible rapist, by a

---

**3.** McClinton was convicted in May 2014 and filed his pro se petition for relief pursuant to Act 1780 in March 2017, within 36 months of his conviction, and his petition is presumed timely. Ark. Code Ann. § 16–112–202(10)(B).

witness who knew him, and his defense at trial consisted of questioning the credibility of the victim's sister and the physical evidence establishing that the rape had occurred. In such a case, identity is not at issue for purposes of a petition under Act 1780.

Even assuming McClinton met the other prerequisites under Act 1780, he failed to demonstrate that such testing would have produced material evidence of his innocence when viewed in light of the evidence as a whole. Ark. Code Ann. § 16–112–201(a)(2); see Johnson, 356 Ark. 534, 157 S.W.3d 151. The trial record reveals that the evidence, as a whole, included testimony of a witness to the rape and forensic evidence that placed McClinton's DNA on the vaginal and rectal swabs taken from the victim.

Finally, despite McClinton's allegations to the contrary, there was testimony from the nurse and the physician who attended the victim at the Jefferson Regional Medical Center that a sexual-assault kit had been properly obtained and provided to investigators for forensic analysis. Testimony from the forensic analyst established that the vaginal and rectal swabs included in this kit contained a mixture of DNA from which neither the victim nor McClinton could be excluded. The analyst explained that only one in approximately 16 million individuals would potentially be included as DNA contributors to the mixture of DNA found on those swabs, and 99.99 percent of black males would be excluded. In fact, the record demonstrates that the chief criminologist with the Arkansas State Crime Lab testified on cross-examination that testing the items found at the crime scene, including bedding and two pairs of male underwear, would have been cumulative in view of the "more intimate" samples collected from the vaginal and rectal swabs.

In sum, McClinton failed to demonstrate entitlement to habeas relief under Act 1780. His allegations challenging the credibility of the evidence, the efficacy of trial court's rulings, and the effectiveness of counsel are not within the purview of the Act. Finally, McClinton failed to establish a prima facie showing of an entitlement to relief under the Act as he failed to identify new evidence or a new scientific method that was not available at the time of his trial, failed to show that identify was at issue during his trial, and otherwise failed to demonstrate that testing the crime-scene items would significantly advance his claim of innocence in light of all the evidence presented to the jury. Johnson, 356 Ark. 534, 157 S.W.3d 151.

Appeal dismissed; motion moot.