Cite as 2019 Ark. 310

# SUPREME COURT OF ARKANSAS

No. CV–19–3

|  |  |
|---|---|
| OTIS D. GIPSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS AND WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEES | **Opinion Delivered:** October 31, 2019<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION; PRO SE MOTION TO SUBMIT BELATED REPLY BRIEF<br>[NO. 60CV-18-3795]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED; MOTION MOOT. |

**RHONDA K. WOOD, Associate Justice**

Appellant Otis D. Gipson filed a habeas corpus petition in Lee County Circuit Court. Although Gipson was incarcerated in Lee County, that circuit court transferred the petition to Pulaski County Circuit Court. Upon transfer, the court dismissed the petition for a lack of jurisdiction. Gipson appeals. He has also filed a motion seeking to file a belated reply brief. Because it is clear from our review of Gipson's petition that he cannot demonstrate error, we affirm. The motion to file a belated brief is moot.

We do not reverse a denial of postconviction relief, including a denial of relief under Act 1780, unless the trial court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left with the definite and firm conviction that a mistake has been committed. *Id.*

Gipson's habeas corpus petition alleged his actual innocence and sought new DNA testing under Arkansas Code Annotated sections 16-112-103 to -123 (Repl. 2016) and Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016) (as amended by Act 2250 of 2005). The circuit court dismissed the petition based on jurisdiction. However, as the State concedes in its brief, the Pulaski County Circuit Court, as the court which entered Gipson's conviction, had jurisdiction to consider his petition for new scientific testing under Act 1780, which was the substantive legal authority for his petition. Ark. Code Ann. § 16-112-201(a); *Hill v. Kelley*, 2018 Ark. 118, 542 S.W.3d 852 ("A petition for a writ of habeas corpus alleging entitlement to new scientific testing must be addressed to the court that entered the conviction.").

Act 1780 provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he or she was convicted. *Pankau v. State*, 2013 Ark. 162. The Act permits DNA testing of evidence if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of innocence in light of all the evidence presented to the jury. *McClinton*, 2017 Ark. 360, 533 S.W.3d 578. However, the Act requires the motion be timely. Ark. Code Ann. § 16-112-202(10). Petitioners who file for testing more than thirty-six months after the entry of the judgment must rebut the presumption that the petition is untimely by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of

technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) other good cause. Ark. Code Ann. § 16-112-202(10)(B).

Here, Gipson's conviction was entered in October 2012. He filed his petition in January 2018. Therefore, Gipson's request was outside the thirty-six-month deadline. He did not address the untimeliness or allege sufficient facts to rebut the presumption under section 16-112-202(10)(B). Gipson did not allege incompetence or a new method of technology, and the petition instead relied squarely on Gibson's assertions of his actual innocence and his claim of a resulting manifest injustice. Also, Gipson's petition failed to identify any specific newly discovered evidence to be tested. The only evidence he references was previously tested but not admitted during his trial. *See Gipson v. State*, 2013 Ark. App. 651. Act 1780 permits summary disposition of a petition if it conclusively shows that the petitioner is entitled to no relief. Ark. Code Ann. § 16-112-205(a).

Although the circuit court incorrectly found that it did not have jurisdiction to consider an Act 1780 petition, this court will affirm the circuit court's decision when it reached the right result, even if it did so for the wrong reason. *Marshall v. State*, 2017 Ark. 208, 521 S.W.3d 456. The circuit court was not clearly erroneous in dismissing Gipson's petition or denying the motion for reconsideration because the petition was untimely and failed to rebut the presumption of untimeliness.

Affirmed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. This court's appellate jurisdiction is derivative of the circuit court's jurisdiction. *Coleman v. State*, 2013 Ark. 152,

3

(per curium); *Gilliland v. State*, 2011 Ark. 480 (per curium). Simply stated, where the circuit court lacks jurisdiction, the appellate court likewise lacks jurisdiction. *Lawrence v. City of Texarkana*, 364 Ark. 466, 221 S.W.3d 370 (2006). Here, the circuit court erroneously concluded that it lacked jurisdiction over Mr. Gipson's case, which means that the circuit court failed to act on his petition. However, while this court had the jurisdiction to decide whether the circuit court was correct in dismissing this case, we do not have jurisdiction to decide Mr. Gipson's petition on the merits.

Furthermore, Arkansas Code Annotated section 16-112-201(a) (Repl. 2016) states that a habeas petition seeking new scientific testing shall be filed "in the court in which the conviction was entered." Obviously, that meant the trial court as Mr. Gipson's conviction was not "entered" in the Arkansas Supreme Court. Accordingly, it is unlawful for this court, on its own motion, to decide Mr. Gipson's petition on the merits. If the General Assembly had intended to give this court the authority to decide these actual innocence petitions, it would have so stated in Act 1780 of 2001. In my view, this court errs in usurping this authority by judicial fiat.

I would reverse and remand this case to the circuit court for further proceedings.

*Otis D. Gipson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.