Cite as 2020 Ark. 40

# SUPREME COURT OF ARKANSAS

No. CR-17-526

| | |
|---|---|
| DEMARCUS LEE RAYFIELD | **Opinion Delivered:** January 30, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE MILLER |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 46CR-12-362] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE KIRK D. JOHNSON, |
| | JUDGE |
| | |
| | AFFIRMED. |

RHONDA K. WOOD, Associate Justice

Demarcus Lee Rayfield appeals the circuit court's denial of his petition for scientific testing of evidence. On appeal, he argues that the trial court erred by (1) applying Act 1780 of 2001 to his petition; (2) finding that he did not meet the statutory requirements for testing; and (3) failing to hold a hearing on his petition. We find no error and affirm.

I. *Background*

The victim and Rayfield's stepfather, Harris, were involved in a sexual relationship. The victim testified that Rayfield and his mother forcibly entered her home, brutally assaulted her, and that Rayfield orally and vaginally raped her. A jury convicted him of rape, aggravated assault, kidnapping, robbery, and aggravated residential robbery. *Rayfield v. State*, 2014 Ark. App. 123. Although the State charged him with two counts of rape, the jury acquitted him on the count involving vaginal penetration. On direct appeal, Rayfield

unsuccessfully challenged his convictions for robbery and aggravated residential burglary. *Id.*

Rayfield subsequently petitioned for further scientific testing of the vaginal swab collected from the victim. The sample was tested at the time of his trial, and he was excluded as a contributor to the Y-STR profile. His petition sought to compel Harris to provide a DNA sample and to have it tested to determine if Harris is a match to the Y-STR profile from the victim's vaginal swab. Rayfield contends that the victim may have lied when she testified that she only had oral, but not vaginal, sex with Harris earlier in the day of the incident. Rayfield argued that the presence of Harris's DNA would prove that the victim lied at trial, thus impeaching and discrediting her testimony.

II. *Standard of Review*

Rayfield filed his petition for scientific testing pursuant to Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), which is the codification of Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 (Act 1780). The statute provides that a circuit court can order testing under Act 1780 when the proposed testing of the specific evidence may produce new material evidence that would support the theory of defense and raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8)(B); *Pankau v. State*, 2013 Ark. 162. When the scientific evidence was available at trial, the facts underlying the claim, if proven and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence

2

that no reasonable fact-finder would find the petitioner guilty of the underlying offense. Ark. Code Ann. § 16-112-201(a); *Lewis v. State*, 2017 Ark. 144, 516 S.W.3d 718.

We do not reverse a trial court's decision to deny a petition under Act 1780 unless it is clearly erroneous. *Wells v. State*, 2017 Ark. 88, 513 S.W.3d 834. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

III. *Applicability of Act 1780 to Rayfield's Petition*

Rayfield invoked Arkansas Code Annotated sections 16-112-201 to -208 as the basis for relief in his petition. He contends the circuit court erred in applying Act 1780 because "nowhere in my petition or the amendment to my petition did I present any provisions or arguments governed by or associated with Act 1780." He argues that because he invoked the statutes and not the Act, the circuit court should have held him "strictly under the predicate requirements of A.C.A. § 16-112-201 thru 208." There was no error. The statute is the codification of the Act, and the court applied the correct law. Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016)

IV. *Application of the Act*

Rayfield raises multiple arguments that culminate with the contention that the circuit court erred in denying his petition on the merits. Act 1780 provides a method for scientific testing of evidence when it may exonerate a wrongfully convicted person. *See* Ark. Code Ann. §§ 16-112-201–208 (Repl. 2016). An assertion of innocence or a sliver of a

possibility that additional testing might alter the outcome of a trial is insufficient. *See Martin v. State*, 2018 Ark. 176, at 3, 545 S.W.3d 763, 765. A petition for scientific testing merely based on a sufficiency-of-the-evidence claim to support the judgment is not cognizable under Act 1780 because the Act does not afford a petitioner an opportunity to retry his case. *See McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578.

Rayfield's argument can be summarized as follows: the victim testified that she did not have vaginal intercourse with Harris on that day, and therefore, if Harris's DNA is tested and shown as a match to the Y-STR sample profile, then there would be conclusive evidence to impeach her credibility. Rayfield cites no authority for the proposition that impeachment of a witness on a peripheral matter is sufficient to establish actual innocence. Considering the totality of the evidence, we cannot say that the outcome of the trial would have been different had it been shown through DNA testing that the victim had vaginal intercourse with Harris later than she admitted.

While this scientific evidence has the potential to cast doubt on the victim's veracity as to when she last had vaginal intercourse with Harris, it would not lead to evidence proving Rayfield's actual innocence. This is not a potential mistaken-identity case. First, Rayfield is not alleging Harris committed the rape (by oral penetration), or any of the other crimes for which he was convicted. Second, Rayfield admitted he was present in the victim's home that evening. Third, the victim identified Rayfield as the perpetrator, and the forensic and medical evidence was consistent with the victim's account of the beatings. Fourth, trial testimony established that Rayfield's DNA did not match the Y-STR profile

taken from the victim's vagina. And last, the jury acquitted him of the count of rape that involved vaginal penetration. Thus, Rayfield's petition for testing is merely to bolster a sufficiency-of-the-evidence argument and to attack the credibility of the victim, and in this case, it is insufficient under the Act.

Additionally, a prerequisite for establishing a prima facie claim under section 16-112-202 includes demonstrating the existence of evidence or scientific methods of testing that either were not available at the time of trial or could not have been previously discovered through the exercise of due diligence. Ark. Code Ann. § 16-112-201(a)(1)–(2) (Repl. 2016). DNA testing was known and available at the time of trial because it was performed to eliminate Rayfield as a contributor. Consequently, Rayfield also cannot meet this requirement.

## VI.  *Failure to Hold a Hearing*

Rayfield also contends that he was entitled to a hearing on his petition. Arkansas Code Annotated section 16-112-205(a) provides that the circuit court is not required to hold an evidentiary hearing if the petition, files, and records conclusively show that the petitioner is entitled to no relief. Because it was clear that Rayfield was not entitled to relief under the Act, the circuit court was not obligated to hold a hearing. We find the circuit court's decision denying the petition was not clearly erroneous.

Affirmed.

HART, J., dissents.

JOSEPHINE LINKER HART, **Justice, dissenting.** Demarcus Lee Rayfield is entitled to testing of the vaginal swab to prove that Harris had vaginal sex with the putative victim, LB. Mr. Rayfield denied raping LB. Even though LB admitted performing oral sex on Harris, oral swabs from LB did not produce DNA evidence. LB's vaginal swabs *excluded* Mr. Rayfield. Accordingly, the *only evidence* that Mr. Rayfield had sexual contact with LB comes from LB's testimony.

If, in accordance with Mr. Rayfield's theory of defense--he had no sexual contact with LB--it was shown that the *only evidence* of rape came from LB who was conclusively shown to be lying, it would "raise a reasonable probability that [Mr. Rayfield] did not commit the offense." Ark. Code Ann. § 16-112-202(8)(B) (Repl. 2016). Conclusive proof that LB was lying would not merely "cast doubt" on her testimony, as the majority suggests. As the appellate courts of this state have stated more than 27 times in the last seven years, a victim's testimony alone is sufficient to sustain a conviction for tape. *See, e.g., Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5.

In the case before us, the circuit court summarily denied Mr. Rayfield's petition for testing because "the victim immediately identified the persons as the wife of Christopher Harris and her son on the night of the assault." While it was proved that Mr. Rayfield and his mother entered LB's residence and committed a battery, it does not follow that the rape allegations were proven.

*Applicability of Act 1780 to Rayfield's Petition*

6

The circuit court found that Mr. Rayfield's petition for testing should be summarily dismissed because

[u]nder Act 1780, the Petitioner must present a prima facie case that identity was an issue at trial. See Ark. Code Ann. § 16-112-202(b). Circumstantial evidence was not a factor in the identification of the Petitioner as the perpetrator in this case. The Petitioner has no cognizable claims under Act 1780 by the issues raised in the amended petition.

The circuit court's analysis obviously failed to consider that the code sections established by Act 1780 of 2001 had been substantially amended by the General Assembly in 2005. I am troubled because this court has simply ignored a coequal branch of government. I find it remarkable that the majority does not simply acknowledge that Mr. Rayfield was correct when he asserted that his petition for scientific testing did not invoke Act 1780, but rather the current codification of Arkansas Code Annotated sections 16-112-201 to -208. The majority is simply wrong when it states, "There was no error. The statute is the codification of the Act." It is not. When the General Assembly passed Act 2250 in 2005, it completely eliminated section 16-112-202(b) from the statute. It is troubling that, when faced with such a profound truth, however inconvenient, the majority denies the very existence of this undeniable fact and declares there is no error.[1]

---

[1]Section 16-112-202 now reads:

Except when direct appeal is available, a person convicted of a crime may make a motion for the performance of fingerprinting, forensic deoxyribonucleic

7

acid (DNA) testing, or other tests which may become available through advances in technology to demonstrate the person's actual innocence if:

(1) The specific evidence to be tested was secured as a result of the conviction of an offense's being challenged under § 16-112-201;

(2) The specific evidence to be tested was not previously subjected to testing and the person making the motion under this section did not:

(A) Knowingly and voluntarily waive the right to request testing of the evidence in a court proceeding commenced on or after August 12, 2005; or

(B) Knowingly fail to request testing of the evidence in a prior motion for post-conviction testing;

(3) The specific evidence was previously subjected to testing and the person making a motion under this section requests testing that uses a new method or technology that is substantially more probative than the prior testing;

(4) The specific evidence to be tested is in the possession of the state and has been subject to a chain of custody and retained under conditions sufficient to ensure that the evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed testing;

(5) The proposed testing is reasonable in scope, utilizes scientifically sound methods, and is consistent with accepted forensic practices;

(6) The person making a motion under this section identifies a theory of defense that:

(A) Is not inconsistent with an affirmative defense presented at the trial of the offense being challenged under § 16-112-201; and

(B) Would establish the actual innocence of the person in relation to the offense being challenged under § 16-112-201;

(7) The identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged under § 16-112-201;

(8) The proposed testing of the specific evidence may produce new material evidence that would:

(A) Support the theory of defense described in subdivision (6) of this section; and

(B) Raise a reasonable probability that the person making a motion under this section did not commit the offense;

(9) The person making a motion under this section certifies that he or she will provide a deoxyribonucleic acid (DNA) or other sample or a fingerprint for comparison; and

(10) The motion is made in a timely fashion subject to the following conditions:

(A) There shall be a rebuttable presumption of timeliness if the motion is made within thirty-six (36) months of the date of conviction. The presumption may be rebutted upon a showing:

(i) That the motion for a test under this section is based solely upon information used in a previously denied motion; or

(ii) Of clear and convincing evidence that the motion filed under this section was filed solely to cause delay or harassment; and

(B) There shall be a rebuttable presumption against timeliness for any motion not made within thirty-six (36) months of the date of conviction.

The presumption may be rebutted upon a showing:

(i) That the person making a motion under this section was or is incompetent and the incompetence substantially contributed to the delay in the motion for a test;

(ii) That the evidence to be tested is newly discovered evidence;

(iii) That the motion is not based solely upon the person's own assertion of innocence and a denial of the motion would result in a manifest injustice;

(iv) That a new method of technology that is substantially more probative than prior testing is available; or

(v) Of good cause.

Under my concept of judicial integrity, the proper course would be to correct the circuit court's obvious error of law and remand this case for further proceedings.

I dissent.

*Demarcus Lee Rayfield*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.