Cite as 2022 Ark. 24

# SUPREME COURT OF ARKANSAS

No. CV–21–357

| | | |
|---|---|---|
| SABA K. MAKKALI | | **Opinion Delivered:** February 10, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | JEFFERSON COUNTY CIRCUIT |
| | | COURT |
| STATE OF ARKANSAS | | [NO. 35CV-21-191] |
| | APPELLEE | |
| | | HONORABLE JODI RAINES |
| | | DENNIS, JUDGE |
| | | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON**, **Associate Justice**

Appellant Saba K. Makkali, formerly known as Gary Cloird, appeals the trial court's

denial and dismissal of his pro se petition for writ of habeas corpus pursuant to Act 1780 of

2001, codified at Arkansas Code Annotated sections 16-112-201 to –208 (Repl. 2016). In

the petition, Makkali sought scientific testing of evidence from his 1992 criminal case. It

was the third such petition filed by Makkali. Because Makkali failed to establish a ground

for additional scientific testing under the Act and the petition was not timely filed, we affirm.

Makkali was found guilty in 1992 of rape and theft of a van and sentenced to an

aggregate term of thirty-five years' imprisonment. We affirmed. *Cloird v. State*, 314 Ark.

296, 862 S.W.2d 211 (1993). Evidence adduced at trial established that the victim had been

abducted and taken to a trailer where two men raped her orally, vaginally, and anally.

Makkali joined the men and raped her orally. With respect to Makkali, the victim testified at trial that only oral rape had occurred.

Makkali filed his current petition in March 2021. We do not reverse the denial of a petition under Act 1780 unless the trial court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016) (as amended by Act 2250 of 2005), provides that a writ of habeas corpus can issue on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Gipson v. State*, 2019 Ark. 310, 586 S.W.3d 603. DNA testing of evidence is authorized under this statute if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of innocence in light of all the evidence presented to the jury. *Johnson v. State*, 2019 Ark. 391, 591 S.W.3d 265. In addition, under section 16-112-202, the petition must identify specific evidence for testing that was secured as a result of petitioner's conviction; the evidence must have been maintained subject to a chain of custody; and the petitioner must identify a theory of defense based on the new evidence that the requested testing would provide and that would establish petitioner's actual innocence. Furthermore, it must be shown that the proposed testing of the specific evidence would raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8); *Mills v. State*, 2020 Ark. 193, 600 S.W.3d 539. Finally, a number of other predicate requirements must be met before a court can order

testing under the Act. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B).

Makkali filed his first petition for habeas relief under the Act in 2015, more than twenty years after the judgment had been entered and more than ten years after Act 1780 was first enacted. Therefore, a rebuttable presumption arose that the petition was untimely. Under section 16-112-202(10)(B), Makkali was therefore required to rebut this presumption by showing the following: (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) other good cause. *Rayfield*, 2020 Ark. 40, 592 S.W.3d 237; *see* Ark. Code Ann. § 16-112-202(10)(B). This court found that Makkali's petition contained nothing more than his own assertion of innocence and that his conclusory allegation of incompetence was belied by his history of litigation. Likewise, there was no showing that newly discovered evidence, manifest injustice, new testing methods, or good cause prevented Makkali from filing his petition within the thirty-six-month time limitation. *Makkali v. State*, 2017 Ark. 46, 510 S.W.3d 240.

We further held when the first petition was denied that, notwithstanding Makkali's failure to rebut the presumption that his petition was untimely, he had failed to establish that additional testing would significantly advance his claim of innocence. The evidence

presented at trial established that Makkali entered the trailer and orally raped the victim. *Makkali*, 2017 Ark. 46, 510 S.W.3d 240. We held that Makkali had failed to establish that DNA testing of vaginal swabs would provide evidence material or relevant to his claim of innocence. We further noted this court's previous holding that tests on vaginal swabs at the time of his trial would not have been determinative of any oral contact between Makkali and the victim. *See Cloird*, 357 Ark. at 454, 182 S.W.3d at 478. Thus, any additional DNA testing of a vaginal swab recovered from the victim would not give rise to a reasonable probability that Makkali did not commit the offense for which he was convicted. *See* Ark. Code Ann. § 16-112-202(8)(B). Makkali had already raised his claim to the trial court, and it was rejected on appeal.

Makkali also sought DNA testing of a shotgun, a handgun, screwdrivers, a toilet roll, and a bedsheet. We held that Makkali had not demonstrated that the other items were in the possession of the State and had been retained under conditions ensuring that the evidence had been preserved in a proper chain of custody. It was further noted that Makkali had failed to show that testing of those items, even if collected and properly retained by the State, would have provided evidence to substantially advance his claim of innocence in light of all the evidence presented to the jury.

Makkali again claimed in his second petition under the Act that he was actually innocent on the same grounds raised in the first petition. This court affirmed the order because Makkali was not entitled to relief on the same allegations raised in a prior petition. *Makkali v. State*, 2020 Ark. 188.

4

In the third petition under the Act, which is the subject of this appeal, Makkali argued at length that the evidence was insufficient to sustain the judgment of conviction for rape. The strength of the evidence adduced at trial, however, is not an issue cognizable under Act 1780 because the Act does not afford a petitioner an opportunity to retry his case. *Rayfield*, 2020 Ark. 40, 592 S.W.3d 237. Act 1780 does not require that a court reevaluate and reweigh the credibility of evidence presented at trial when considering a petition under the Act. *See Johnson*, 2019 Ark. 391, 591 S.W.3d 265.

Makkali also contended that there is now DNA testing not available at the time of trial that could establish his actual innocence. In support of the claim, Makkali asserted that testimony taken at a hearing[1] on a petition for writ of error coram nobis he had filed in 2002 demonstrated that the State did not provide the defense with all the DNA evidence available in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Whether there was a *Brady* violation at Makkali's trial was a matter to be settled in the coram nobis proceeding. Makkali's coram nobis petition was denied, and we affirmed. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). The *Brady* claim does not establish that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction.

Makkali further alleged that DNA testing is available that would conclusively show that he was excluded as a contributor to the DNA on the vaginal swab and other evidence from the crime scene. He argued that the new technology could definitely identify the

---

[1]This court granted Makkali's 2002 petition to reinvest jurisdiction in the trial court to consider a coram nobis petition. *Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2003) (per curiam).

contributors to the DNA and rule him out as having raped the victim, but Makkali failed to identify any new, generally accepted scientific technology or method that would produce new evidence to establish that he was innocent of rape. Moreover, the trial court correctly noted that the evidence Makkali sought to test had not been used to convict him because the victim's testimony that she was orally raped provided substantial evidence of rape. In the case of sexual assault, DNA evidence may or may not have been left at a crime scene, and even if a DNA test would establish with absolute certainty that Makkali's DNA was not recovered, it would not significantly advance his claim of actual innocence in light of the victim's testimony that he had orally raped her.

Makkali challenged the DNA testing in each of the prior proceedings, and the court concluded that the absence of Makkali's DNA on the vaginal swab was not proof of actual innocence. Act 1780 was not intended to do away with finality in judgments. *See Johnson*, 2019 Ark. 391, 591 S.W.3d 265. In each of his petitions under the Act, Makkali has, in essence, raised the same unproven claims with no facts to establish that further scientific testing would raise a reasonable probability that he is actually innocent. Makkali's reassertion of claims that have already been considered amounts to an abuse of the writ.

As with his first two petitions under the Act, Makkali's third petition was not timely filed. As stated, when a petition is not filed within thirty-six months of the entry of the judgment of conviction, it is presumed to be untimely. This presumption against timeliness may be rebutted by showing that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; that the evidence to be tested is newly discovered; that the motion is not based solely upon the petitioner's own assertion of

innocence, and a denial of the motion would result in a manifest injustice; that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)−(v). The trial court did not err in holding that Makkali met none of those requirements.

Finally, with his petition, Makkali filed a motion to stipulate certain facts and expand the record and another motion seeking DNA testing of evidence. The trial court did not enter a separate ruling on those motions, and Makkali argues in his brief that the motions were meritorious and should have been granted. After the appeal was lodged here, Makkali filed a motion for completion, correction, and modification of the record that reiterated the claims raised in the first motion that the record was incomplete and should be supplemented with a transcript of his trial. He further asked this court to find that "false evidence" was introduced at trial. Both motions were denied, and Makkali has not stated good cause for this court to reconsider those decisions.

Affirmed.

WOOD, WOMACK, and WEBB, JJ., concur.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority's decision to affirm the circuit court's dismissal of Makkali's habeas petition. But I believe his petition should be summarily dismissed as a successive writ.

This is Makkali's third habeas petition alleging there is new DNA testing technology that would establish his actual innocence. *Makkali v. State*, 2020 Ark. 188 (*Makkali II*); *Makkali v. State*, 2017 Ark. 46, 510 S.W.3d 240 (*Makkali I*). A circuit court may summarily

7

dismiss successive petitions for new scientific testing if they seek the same or similar relief and raise issues that this court has previously decided. Ark. Code Ann. § 16-112-205(d) (Repl. 2016). Makkali's two earlier petitions sought, among other things, additional DNA testing of a vaginal swab taken from his victim. *Makkali II*, 2020 Ark. 188, at 2; *Makkali I*, 2017 Ark. 46, at 2–3, 510 S.W.3d at 241–42. In those cases, this court found that additional DNA testing would not give rise to a reasonable probability that Makkali did not rape his victim. *Makkali II*, 2020 Ark. 188, at 2; *Makkali I*, 2017 Ark. 46, at 2–3, 510 S.W.3d at 241–42.

Makkali again requests DNA testing "of all the sperm, hairs, and blood" collected as evidence, which he claims will prove he did not rape his victim. Because we have twice found that Makkali is ineligible for relief on these claims, we need not consider the merits of his petition for a third time. Our analysis of Makkali's current petition should end here. We should summarily dismiss successive writs without further discussion to discourage the filing of repetitive, meritless petitions.

For these reasons, I respectfully concur.

WOOD and WEBB, JJ., join.

*Saba K. Makkali*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.