Cite as 2024 Ark. 57

# SUPREME COURT OF ARKANSAS

**No.** CV-23-378

| | |
|---|---|
| EDDIE LEE PATRICK, JR.<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** April 11, 2024<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-393]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**CODY HILAND, Associate Justice**

Eddie Lee Patrick, Jr., appeals from the Jefferson County Circuit Court's denial and dismissal of his pro se petition for writ of habeas corpus. On appeal, Patrick argues the circuit court erred by failing to grant habeas relief because the evidence established his actual innocence. We find no error and affirm.

In 2003, a Jefferson County jury convicted Patrick of rape and terroristic threatening in the first degree and sentenced him to an aggregate 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Patrick v. State*, CR-03-1319 (Ark. App. Feb. 7, 2007) (unpublished).

Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208, provides that a writ of habeas corpus can issue on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Darrough v. State*, 2014 Ark. 334, 439 S.W.3d 50. We do not

reverse the denial of a petition for writ of habeas corpus filed under Act 1780 unless the circuit court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A prerequisite for establishing a prima facie claim under section 16–112–202 includes demonstrating the existence of evidence or scientific methods of testing that were either not available at the time of trial or could not have been previously discovered through the exercise of due diligence. Ark. Code Ann. § 16–112–201(a)(1)–(2) (Repl. 2016); *Rayfield v. State*, 2020 Ark. 40, 592 S.W.3d 237. An assertion of innocence or a sliver of a possibility that additional testing might alter the outcome of a trial is insufficient. *Id.* Additionally, a petition for scientific testing based merely on a sufficiency-of-the-evidence claim is not cognizable under Act 1780 because the Act does not afford a petitioner an opportunity to retry his case. *See McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578.

Patrick filed his petition for habeas relief pursuant to Act 1780 on the basis of *pretrial* DNA testing that proved he was innocent. While he is correct that the report from the Arkansas Crime Laboratory reflects that Patrick's DNA was not present as a contributor, the jury was aware of the DNA evidence and still found him guilty of rape. Patrick does not meet the basic requirements to state a prima facie claim under the Act in that Patrick neither seeks specific scientific testing of evidence that was not available at the time of trial nor alleges the existence of new scientific methods to retest evidence that was available at the time of trial. Because Patrick's claim for habeas relief is nothing more than a challenge to

2

the sufficiency of the evidence supporting his conviction, the circuit court did not clearly err in denying relief.

Patrick's second argument is additionally without merit. He claims that because the circuit court found he had a colorable cause of action to proceed in forma pauperis, he is entitled to issuance of the writ. In other words, Patrick claims that by granting him leave to file his petition without payment of a fee, the court, in essence, held that the writ should issue. Patrick is mistaken. The fact that the circuit court permitted Patrick to proceed with his habeas petition without paying a filing fee is not tantamount to issuance of the writ. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544.

Affirmed.

*Eddie Lee Patrick*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.